No. 88-572

IN THE SUPREME COURT OF THE STATE OF MONTANA

1989

STATE OF MONTANA,

        Plaintiff and Respondent,

    -vs-

MAURICE FITZGERALD,

        Defendant and Appellant.

APPEAL FROM:  District Court of the Thirteenth Judicial District,
In and for the County of Yellowstone,
The Honorable Russell Fillner, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

    Allen Beck, Billings, Montana

    For Respondent:

        Hon. Marc Racicot, Attorney General, Helena, Montana
John Paulson, Asst. Atty. General, Helena
Harold Hanser, County Attorney; Brent Brooks, Deputy
County Atty., Billings, Montana

Submitted on Briefs:  June 30, 1989

Decided:  July 24, 1989

Filed:

_____
Clerk

Mr. Justice L. C. Gulbrandson delivered the Opinion of the Court.

Defendant appeals his conviction in the District Court for the Thirteenth Judicial District, Yellowstone County, of four counts of sexual intercourse without consent. We affirm.

The issues are:

1. Did the District Court violate the defendant's right of confrontation by limiting his cross-examination of the victim named in Count I of the information?

2. Did the District Court err in admitting evidence of other crimes or wrongs as to Count II of the information?

Defendant was charged with four counts of sexual intercourse without consent, each count alleging a separate incident and a different victim. After a five-day jury trial, he was found guilty on all four counts and sentenced to a prison term of 40 years on each count, the terms to be served concurrently. He appeals on issues relating to two of the four counts against him. He argues that the errors relating to those two counts tainted the entire case.

I.

Did the District Court violate the defendant's right of confrontation by limiting his cross-examination of the victim named in Count I of the information?

Count I of the information alleged an incident of sexual intercourse without consent on October 4, 1987, from 12:00 to 1:30 a.m. The victim testified at trial as follows: During the late evening hours of October 3, 1987, she was at the Machine and Pool Palace in Billings, Montana, with her roommate Collette. Defendant, to whom she had been introduced before, asked her to go outside and talk with him. When they were outside, the defendant stated that he wanted to move his car across the street, and asked the victim to

2

get in the car so that they could continue their conversation. She did so. Instead of driving across the street, the defendant drove to a deserted industrial area and stopped. He refused her requests to take her back to the Machine and Pool Palace. He then fondled her and forced her to perform oral sex. Afterwards, the defendant dropped the victim off near her home and threatened to get revenge if she told anyone.

The victim waited for her roommate Collette to get home, told Collette what had happened, and decided to make a police report. On the way to the police station, the two stopped at Collette's boyfriend's house and at the house where the defendant was staying. During both brief stops, the victim remained in the car.

Defendant attempted to elicit from the victim on cross-examination that Collette was a prostitute and that her "boyfriend" was actually her pimp. The defense's theory was that the victim was also a prostitute, that the acts between the defendant and the victim were consensual, and that the victim fabricated the rape story so that she would not have to face her pimp with no earnings for the evening. The District Court refused to allow this line of questioning.

The Sixth Amendment to the United States Constitution provides that a criminal defendant shall enjoy the right "to be confronted with the witnesses against him." The Montana Constitution also guarantees the right of the criminally accused to meet the witnesses against him face to face. Art. II, Sec. 24, Mont. Const. Defendant argues that in the absence of physical evidence or other evidence corroborating the victim's testimony, his proposed line of questioning was relevant to the victim's veracity and essential to his right of confrontation.

Section 45-5-511(4), MCA, provides:

3

> No evidence concerning the sexual conduct
> of the victim is admissible in prosecu-
> tions under this part except:
>
> (a)   evidence of the victim's past sexual
> conduct with the offender;
>
> (b)   evidence of specific instances of
> the victim's sexual activity to show the
> origin of semen, pregnancy, or disease
> which is at issue in the prosecution.

Neither of the two statutory exceptions applies in this case.

This Court has considered whether the restrictions codified at § 45-5-511(4), MCA, deny a defendant his constitutional right to confront witnesses. State v. Higley (1980), 190 Mont. 412, 621 P.2d 1043. There the Court stated that the "rules limiting inquiry into sexual conduct of the victim are essential to preserve the integrity of the trial and to prevent it from becoming a trial of the victim," and found no denial of a defendant's rights in these limitations. Higley, 621 P.2d at 1050-51.

Defendant maintains that the line of questioning he wishes to pursue is permissible under State v. Anderson (1984), 211 Mont. 272, 686 P.2d 193. In that case, this Court stated that:

> [d]espite the general policy against sordid probes
> into a victim's past sexual conduct, we conclude
> that the policy is not violated or circumvented if
> the offered evidence can be narrowed to the issue
> of the complaining witness' veracity.

Anderson, 686 P.2d at 200. (Citation omitted.) In Anderson, the offered evidence was that the child victim had made a prior false charge of sexual assault. The Court concluded that the trial court correctly excluded this evidence as unduly prejudicial compared to its value probative of the

4

victim's truthfulness, under Rule 403, M.R.Evid. <u>Anderson</u>, 686 P.2d at 201.

In the present case, although the defense argues that the testimony about prostitution would go toward the victim's veracity and motivation to fabricate a rape story, we conclude that the District Court did not err in ruling that the prejudicial effect of that testimony on the credibility of the victim would outweigh its probative value. As the State points out in its brief, the defense did not offer any witnesses, other than possibly the defendant, who could testify that the victim and Collette were prostitutes. It did not offer testimony that the victim had solicited defendant to engage in sexual intercourse for money. Further, even if it were proven that the victim was a prostitute, that would not have proven consent. We hold that the District Court did not violate the defendant's right of confrontation by refusing to allow the desired cross-examination.

## II.

Did the District Court err in admitting evidence of other crimes or wrongs as to Count II of the information?

Count II of the information alleged that at about 11:00 p.m. on November 4, 1987, the defendant knowingly had sexual intercourse without consent with the second victim. The victim testified at trial as follows:

She had lived with the defendant off and on from January 1986 until July 1987. In August 1987, a son was born to them. She allowed the defendant to visit his son from time to time. At about 11:00 p.m. on November 4, 1987, the defendant came to the victim's house claiming he had brought some diapers for the baby. The victim allowed defendant in. When she learned that he did not have diapers or wish to see his son, she asked him several times to leave. He pretended to do so, but then came back and tried to force her to perform

5

oral sex. She struggled until she heard the baby crying. Then she gave up and told him to "get it over so I can go see my son." Defendant forced vaginal intercourse.

Defendant threatened the victim that if she reported the incident, he would come to get her. She went into the bedroom to tend the baby and stayed there until the defendant left the house at about 6:00 a.m. The victim reported the incident to the police about a month after it happened. She stated that she delayed in telling anyone because of the defendant's threats and because she feared no one would believe her, given her former relationship with the defendant.

On direct examination, the State elicited testimony from this victim about previous physical assaults which the defendant had committed against her. She testified about incidents in May 1986, March 1987, and July 1987. The defendant objected to the admission of this testimony on the grounds that the assaults were not similar to the crime charged here. The State successfully argued that this evidence was relevant to the issue of consent and showed that the victim had good reason to be afraid of the defendant.

In general, evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person. Rule 404(b), M.R.Evid. Such evidence may be admissible for other purposes, however. Id.

In State v. Just (1979), 184 Mont. 262, 269, 602 P.2d 957, 961, this Court set forth a four-factor test to determine whether evidence of other crimes or acts is admissible in a criminal prosecution. The factors are:

1. Similarity of crimes or acts;

2. nearness in time; and

6

3. tendency to establish a common scheme, plan, or system; and

4. the probative value of the evidence is not substantially outweighed by the prejudice to the defendant.

Defendant argues that the other crimes in this case, a series of domestic assaults, are not similar to the crime charged. He asserts that the evidence of the assaults should not have been admitted.

However, as the State argues, the other crimes on which testimony was permitted were similar to the offense charged in several particulars. They were crimes by the defendant against the same victim. They all occurred in the victim's home. They all followed arguments between the defendant and the victim in which the defendant was angry about some perceived slight. We conclude that the District Court did not abuse its discretion in allowing the testimony about prior physical assaults of the victim in Count II.

The defendant has not appealed any issues relating to the remaining two counts on which he was found guilty. Because we have concluded that the defense has not shown reversible error, we need not consider whether such error tainted the trial on those two counts.

Affirmed.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____
Justices

7