28 F.3d 105
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Maurice L. FITZGERALD, Petitioner-Appellant,
v.
James M. GAMBLE, Prison Administrator, Respondent-Appellee.
 No. 93-35354.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 4, 1994.
Decided June 13, 1994.
 
 Before: WRIGHT, TANG, and REINHARDT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Maurice Fitzgerald appeals the district court's partial denial of his 28 U.S.C. Sec. 2254 petition for habeas corpus. The district court granted Fitzgerald's petition as to Count I, but denied his claims as to Counts II, III and IV. Fitzgerald argues that he received ineffective assistance of counsel, that he was denied the constitutional right to a fair and impartial jury, and that he was denied the right to due process by the introduction of other crimes evidence. We affirm.
 
 I.
 
 3
 Whether a defendant received ineffective assistance of counsel is reviewed de novo. United States v. Swanson, 943 F.2d 1070, 1072 (9th Cir.1991) (citation omitted). In order to demonstrate ineffective assistance of counsel, a defendant must show both deficient performance by counsel and prejudice to the defense. Id.; Strickland v. Washington, 466 U.S. 668, 687 (1984). When analyzing counsel's performance, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689. "It is all too tempting ... to second guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable."[1] Id. at 689.
 
 
 4
 Fitzgerald focuses his ineffective assistance of counsel claim on Count III. The district court found that Fitzgerald's counsel's defense of Count III "was so deficient as to fall below an objective standard of reasonableness," thus satisfying the first prong of the Strickland analysis. The decision was based upon the fact that Fitzgerald's defense of Count III "consisted of no more than some nominal cross-examination of medical experts and a few questions posed to [Fitzgerald] on direct examination."
 
 
 5
 While the record indicates that Fitzgerald's counsel did very little by way of actively defending Count III, we are not convinced, under the circumstances of this case, that this renders his performance deficient. Some cases are such that the best defense, indeed sometimes the only defense, is simply to put the state to the task of proving all of the elements of the offense. We believe that it was not unreasonable for Fitzgerald's counsel to have done so in defending Count III.
 
 
 6
 Fitzgerald's counsel testified that it was part of his trial strategy to avoid calling attention to Count III, for which he concluded there was no plausible defense. His hope was that a strong showing as to Counts I, II and IV might raise reasonable doubt in the minds of the jury as to Count III. In support of this strategy, he decided not to cross-examine the state's primary witnesses for Count III--the victim, the victim's friend, and the investigating officer--concluding that cross-examination would have only reemphasized their already damaging testimony. Additionally, Fitzgerald's counsel chose to forgo a possible alibi defense because he felt that the alibi witnesses were impeachable.
 
 
 7
 Unquestionably, the state's evidence as to Count III was stacked against Fitzgerald: the victim identified Fitzgerald as the rapist, semen was found on her clothing, and her earring and locket were found in Fitzgerald's car. Fitzgerald, on the other hand, offered nothing to refute this evidence other than a questionable alibi defense. Given these facts, we cannot say that Fitzgerald's counsel's trial strategy of avoiding Count III fell outside the wide range of reasonable professional assistance.
 
 
 8
 Fitzgerald advances several additional claims of deficient performance as to Counts II, III and IV: the failure to file a motion to suppress the earring and locket which were found in a warrantless search of Fitzgerald's car; the failure to file a motion of severance; the failure to adequately prepare Fitzgerald for trial; the failure to properly use Fitzgerald's preemptory challenges to remove possibly biased jurors; and the failure to file a motion to suppress evidence obtained during a flashlight assisted search of Fitzgerald's car. We have carefully reviewed each of these claims and conclude that Fitzgerald's counsel's actions were all within the wide range of reasonable professional assistance.
 
 
 9
 Because Fitzgerald has failed to satisfy the first prong of the Strickland analysis as to Counts II, III and IV, we affirm the district court's denial of his habeas petition as to his ineffective assistance of counsel claim.
 
 II.
 
 10
 Fitzgerald separately argues that he was denied the constitutional right to a fair and impartial jury because his counsel failed to remove two possibly biased jurors: a former teacher of a victim, and a friend of a witness for the state. The existence of juror bias violates a defendant's Sixth Amendment right to a fair and impartial jury if it results in the denial of a fair trial. Bayramoglu v. Estelle, 806 F.2d 880, 888 (9th Cir.1986). In this case, both jurors stated that they could remain fair and impartial, and Fitzgerald does not present any evidence of actual bias. We do not believe that the relationships between the jurors and witnesses in this case necessarily implied partiality or prevented Fitzgerald from receiving a fair trial. Accordingly, we affirm the district court as to this claim.
 
 III.
 
 11
 On direct examination of the victim of Count II, the state elicited testimony about previous domestic assaults which Fitzgerald had committed against her. Fitzgerald objected to the admission of this testimony on the ground that the assaults were not similar to the alleged crime. However, the state successfully argued that the evidence was relevant to the issue of consent by showing that Brown had good reason to fear Fitzgerald. In Fitzgerald's direct appeal, the Montana Supreme Court held that the evidence of domestic assaults was sufficiently similar to the alleged sexual assault to have been admissible. See Montana v. Fitzgerald, 776 P.2d 1222, 1225 (Mont.1989). The district court denied this claim on habeas review because it was based upon errors of state law and therefore not cognizable in a federal habeas proceeding.
 
 
 12
 On appeal, Fitzgerald argues that the district court erred by not examining the admissibility of his other offenses under the two-part test articulated in McKinney v. Rees, 993 F.2d 1378 (9th Cir.), cert. denied, 114 S.Ct. 622 (1993). Under McKinney, a district court must ask: (1) was the contested evidence relevant to an essential element of the prosecution's case; and (2) if not, did the admission render the trial fundamentally unfair. Id. at 1380. Fitzgerald argues that his other crimes claim should be remanded to the district for consideration in light of McKinney.
 
 
 13
 We decline to so remand. Even if the district court should have considered Fitzgerald's other crimes claim under McKinney, the evidence of the domestic assaults against Brown was certainly relevant to whether she freely gave her consent. No further analysis is required. Accordingly, we affirm the district court's denial of Fitzgerald's habeas petition as to his other crimes claim.
 
 
 14
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Prejudice is established if "there is reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 689. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. Because we find that Fitzgerald's counsel's performance was not deficient, we need not undertake a prejudice analysis