No. DA 06-0086

IN THE SUPREME COURT OF THE STATE OF MONTANA

2006 MT 322N

MAURICE FITZGERALD,

        Petitioner and Appellant,

    v.

STATE OF MONTANA,

        Respondent and Respondent.

APPEAL FROM:    The District Court of the Thirteenth Judicial District,
                 In and For the County of Yellowstone, Cause No. DV 03-809,
                 Honorable Russell C. Fagg, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

        Maurice Fitzgerald, pro se, Deer Lodge, Montana

        For Respondent:

        Honorable Mike McGrath, Attorney General; Pamela P. Collins,
        Assistant Attorney General, Helena, Montana

        Dennis Paxinos, County Attorney, Billings, Montana

Submitted on Briefs:  October 11, 2006

Decided:  December 7, 2006

Filed:

_____
Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and West Group in the quarterly table of noncitable cases issued by this Court.

¶2 Maurice Fitzgerald (Fitzgerald) appeals from the order of the Thirteenth Judicial District Court, Yellowstone County, denying his petition for post-conviction relief. We affirm.

¶3 In July of 1987, Fitzgerald was tried and found guilty of four counts of sexual intercourse without consent. The court sentenced Fitzgerald to forty years on each count, running concurrently. In July of 1989, Fitzgerald appealed his conviction to this Court in *State v. Fitzgerald*, 238 Mont. 261, 776 P.2d 1222 (1989), arguing that the District Court violated his right of confrontation by limiting his cross-examination of the victim named in Count I of the information, and that the District Court erred in admitting evidence of other crimes or wrongs as to Count II of the information. This Court rejected Fitzgerald's arguments and affirmed his conviction.

¶4 In August of 2003, Fitzgerald filed a petition for post-conviction relief. In June of 2005, Fitzgerald's counsel withdrew from the case, and he was allowed to proceed pro se with his petition for post-conviction relief. The District Court denied the petition.

¶5 On appeal, Fitzgerald presents five arguments: (1) the District Court should have conducted an evidentiary hearing to determine the existence of witness misconduct; (2) the District Court should not have permitted the trial to proceed with less than twelve jurors; (3) the District Court should have ruled on the issue concerning imposition of a sentence in excess of the statutory maximum; (4) Fitzgerald received ineffective assistance of counsel at trial; and (5) Fitzgerald received ineffective assistance of counsel on appeal. Fitzgerald contends that the denial of the petition should be reversed and remanded with instructions to either hold an evidentiary hearing or to grant the relief requested in the petition.

¶6 The State argues that Fitzgerald is barred by the five-year time bar from asserting his post-conviction claims, and that he is also procedurally barred under § 46-21-105, MCA. Even assuming error, the State contends it was harmless and maintains that the District Court properly denied the post-conviction relief petition.

¶7 "We review a district court's denial of a petition for postconviction relief to determine whether the district court's findings of fact are clearly erroneous and whether its conclusions of law are correct." *State v. Osborne*, 2005 MT 264, ¶ 8, 329 Mont. 95, ¶ 8, 124 P.3d 1085, ¶ 8 (citation omitted).

¶8 It is appropriate to decide this case pursuant to our Order of February 11, 2003, amending Section 1.3 of our 1996 Internal Operating Rules and providing for memorandum opinions. It is manifest on the face of the briefs and the record before us that the appeal is without merit because the findings of fact are supported by substantial

3

evidence, and the legal issues are clearly controlled by settled Montana law which the District Court correctly interpreted.

¶9    Affirmed.

/S/ JIM RICE

We concur:

/S/ KARLA M. GRAY
/S/ PATRICIA COTTER
/S/ BRIAN MORRIS
/S/ JOHN WARNER