STATE OF MONTANA EX REL. WILLIAM H. JOHNSON, COUNTY AUDITOR OF GALLATIN COUNTY, MONTANA, RELATOR, *v.* THE DISTRICT COURT OF THE EIGHTEENTH JUDICIAL DISTRICT OF THE STATE OF MONTANA IN AND FOR THE COUNTY OF GALLATIN AND THE HONORABLE W. W. LESSLEY, JUDGE THEREOF, RESPONDENTS.

No. 11026.

Submitted November 3, 1965. Decided February 17, 1966.

410 P.2d 933.

264

Page Wellcome (argued), Bozeman, James R. Beck (argued), Forrest H. Anderson, Alfred B. Coate, Helena, relator.

Gene I. Brown (argued), Bozeman, for respondents. '

MR. JUSTICE JOHN C. HARRISON delivered the Opinion of the Court.

This proceeding was an original application for a writ of certiorari by the State, on the relation of William H. Johnson, County Auditor of Gallatin County, against the District Court of the Eighteenth Judicial District, in and for the County of Gallatin, ordering payment of attorney's fees in a misdemeanor case.

This is a matter of first impression in this court, though Montana has, since territorial days, paid for the defense of indigents accused in felony cases. The facts of this case are simple and undisputed.

William Pillow was arrested by officers of Gallatin County and charged in the Justice Court with the crime of petit larceny on September 9, 1965. When taken before Justice of Peace A. M. Schmall, where the charge was read to him, he requested that an attorney be appointed for him. At this appearance he refused to enter plea, based perhaps on lack of counsel, but at the time of the request, Justice of Peace Schmall explained that counsel is not provided in misdemeanor cases. On the following day he was returned to the Justice Court when he again asked for counsel and at that time he entered a plea of "not guilty." Trial was set. The following day trial was postponed indefinitely, and on September 27, 1965, Pillow

petitioned the District Court for habeas corpus alleging, among other things, the lack of speedy trial, and the failure of the Justice Court to appoint counsel for him. Upon receipt of the petition, and after a hearing on the matter Judge W. W. Lessley issued an order on September 30, 1965, which reads in part as follows:

"NOW, THEREFORE, IT IS HEREBY ORDERED as follows:

"1. That GENE I. BROWN, a duly licensed and qualified attorney of the State of Montana, be appointed to defend the Petitioner against the charge of petty larceny filed in the Justice of the Peace Court of Township No. One.

"2. That the Petitioner be tried on the charge he is being held in custody on in accordance with the laws of the State of Montana in such cases made and provided, on or before October 6, 1965, or, in the alternative, if the Petitioner is not tried as herein provided, he shall be released immediately from custody."

Upon the issuance of this order Page Wellcome, County Attorney of Gallatin County, applied to this court for a writ of prohibition or supervisory control which was denied without prejudice. State ex rel. Wellcome v. District Court, Eighteenth Judicial District, in and for County of Gallatin, 146 Mont. 319, 406 P.2d 164.

Following this order, William Pillow went before the Justice Court, with counsel Gene Brown, changed his plea from "not guilty" to "guilty" and was sentenced to thirty days in the county jail. On October 13, 1965, the Honorable W. W. Lessley, District Judge, issued an Order which reads:

"Now Therefore, It Is Hereby Ordered as follows:

"1. That the Treasurer of Gallatin County, Montana, pay to Gene I. Brown, an attorney of Bozeman, Montana, the sum of $50.00 dollars for services rendered in representing the said William Pillow in the Justice of Peace court against the charge of misdemeanor, to-wit, petty larceny."

It is from this order of the district court that relator William H. Johnson, the County Auditor and responsible county official on all claims against the county, petitions for a writ of certiorari.

The question before us is whether or not the district court may order payment to counsel appointed by such district court to represent an indigent defendant in a misdemeanor case pending in the justice court. Before reaching a determination of that question we should first outline whether the district court has the power under the facts here present to appoint such counsel.

By Constitution, Article VIII, § 1, our court system was established and to each court, judicial power was vested. To these courts only such jurisdiction was conferred as was given by the Constitution or subsequent statutes passed pursuant thereto.

Concerning the jurisdiction of the two courts involved in this proceeding, the District Courts and the Justice of Peace Courts, our Constitution is most specific as to the jurisdictional requirements of cases to be considered by them.

Article VIII, § 11, covers District Courts:

"The district courts shall have original jurisdiction * * * in all criminal cases amounting to felony, and in all cases of misdemeanor not otherwise provided for; * * *. They shall have appellate jurisdiction in such cases arising in justices and other inferior courts in their respective districts as may be prescribed by law and consistent with this constitution. * * *"

Article VIII, § 21, covers Justice of Peace courts:

"Justices' courts shall not have jurisdiction * * * in cases of felony, except as examining courts * * * but said courts shall have such jurisdiction in criminal matters, not of the grade of felony, as may be provided by law * * *."

The crime of petit larceny here charged is one of those crimes provided for by the Legislature which is within the exclusive jurisdiction of the Justice Court. R.C.M.1947, § 94-4916.

Chief Justice Brantly in an early Montana opinion, in the case of Crawford v. Pierse, 56 Mont. 371, 185 P. 315, wrote: "The district court is a court of general jurisdiction. It therefore has the power to hear and determine all classes of cases, except petty cases, of which justices of the peace and police courts are by the Constitution (article 8, § 11) given exclusive cognizance." Ex parte Sheehan, 100 Mont. 244, 49 P.2d 438.

Again, in the case of State v. Holt, 121 Mont. 459, 478, 194 P.2d 651, 662, this court said: "But original jurisdiction for the violation of said statute, section 11, is not vested in the district court. Original jurisdiction of the offense defined in said section is vested in the justice courts. The district court has only jurisdiction of such offense on appeal thereto from the justice court."

In State ex rel. Lay v. District Court, 122 Mont. 61, 70, 198 P.2d 761, 766, this court, concerning jurisdiction, stated: "Jurisdiction is the power to hear and determine the particular action or proceeding as well as to make such orders and render such judgment therein as the law authorizes in the class of actions or proceedings to which it belongs."

More recently, this court in exploring and defining the words "jurisdiction" and "judicial power," particularly as they affect the district courts and their judges, considered them in its opinion in State ex rel. Bennett v. Bonner, Governor, 123 Mont. 414, 214 P.2d 747, 753, wherein Chief Justice Adair wrote:

"Jurisdiction as applied to courts is the power or capacity *given by law* to a court to entertain, hear and determine the particular case or matter. Judicial power is the authority not only to decide, but to make binding orders or judgments. * * *

"Judicial power as contra-distinguished from the power of the law has no existence. Judicial power is exercised by means of courts which are the mere creations and instruments *of the law,* and independent of *the law* the courts have no existence. *The law* precedes the courts. *The law* governs the courts. Thus

it is the function of the courts to expound and administer *the law* in those causes properly brought before them in course of legal procedure.

"Judicial power is never exercised for the purpose of giving effect to the will of the judge. It is always exercised for the purpost of giving effect to the will of the people as that will is expressed in *the law*."

Two statutes, dating back to pre-statehood era, cover the right to counsel and how counsel is to be provided. Section 94-6512, R.C.M.1947, provides: "If the defendant appear for arraignment without counsel, he must be informed by the court that it is his right to have counsel before being arraigned, and must be asked if he desires the aid of counsel. If he desires and is unable to employ counsel, the court must assign counsel to defend him."

Section 94-6513, R.C.M.1947, in part, provides:

*"Compensation of attorney for accused.* Whenever in a criminal action or proceeding in the district court, an attorney-at-law defends a person charged with any offense, by order of the court, on the ground that the accused is unable to procure or employ counsel, the county in which such criminal action or proceeding may have arisen is liable to pay such attorney for his services such sum as the judge certifies to be reasonable compensation therefor. * * *"

The words in section 94-6513 "in the district court" are controlling and indicate no intention on the part of the Legislature to provide counsel to the indigent, in misdemeanor cases in Justice Court. Neither our Constitution nor general law requires or allows District Courts to provide and pay counsel to indigent misdemeanants.

It must be remembered at this point that the district court order, insofar as the appointment of counsel is concerned, specifically made the appointment to defend the petitioner against the charge of petty larceny filed in the justice court. We are not concerned with a situation where the district court

appointed such counsel to handle the petition for writ of habeas corpus, then pending before it, on behalf of the petitioner, wherein clearly the court would have jurisdiction, and following such appointment such appointed counsel in order to protect the rights of the indigent defendant might have been required to appear in his defense in the justice court in order to accomplish the end sought through habeas corpus. However, in such circumstances no specific direction that such counsel be appointed to defend the petitioner in the justice court would be necessary by the district court and the matter of compensation for the services performed by such counsel in the district court writ of habeas corpus action, including any and all necessary procedures undertaken by virtue thereof in the justice court, would properly be within the jurisdiction of the district court. Since our District Courts lack supervisory control over Justice Courts, such supervisory control being vested by the Constitution in the Supreme Court, we can find no authority, expressed or implied granting such power to District Courts. See 23 Mont.L.R. 62, Mason and Kimball "Montana Justices' Courts—According to the Law."

In an early Montana case, State ex rel. McGrade v. District Court, 52 Mont. 371, 157 P. 1157, the district judge ordered payment of counsel fees in a case arising from an attempt to remove the county attorney of Silver Bow County. The Supreme Court in setting aside the court's order said, quoting in part from Johnston v. Lewis and Clark County, 2 Mont. 159.

" 'Money can only be drawn from the county treasury in pursuance of the statute, and as authorized by law, and any order drawn on the treasury without this authority, is void. There is no statute in the territory authorizing courts to order attorneys to be paid from the county treasury for services rendered in defending prisoners; there is no statute authorizing the board of commissioners to draw an order on the treasury in payment for such services; and there is no statute authorizing the county treasurer to pay for such service; and in the

absence of such authority it would be simply judicial legislation, or worse, for the courts to open the door of the treasury to any demands not authorized by law.' The same rule applies here. Courts cannot legislate; much less may a district court in exercising the authority conferred by statute create a liability when the legislature has not sanctioned it. Its authority is confined exclusively to the appointment of an attorney to perform the duty required, and does not extend to the employment of an attorney for the county, thus fixing a liability upon the county for any amount." See also Veterans' Welfare Comm'n v. Department of Montana, V. F. W. & D. A. V., 141 Mont. 500, 379 P.2d 107.

For these reasons, the District Court was without authority to order payment to counsel of a fee for his services in the Justice Court, and the District Court order of October 13, 1965, insofar as it directs the Treasurer of Gallatin County, Montana, to pay attorney's fees for services in the Justice Court is annulled, set aside and held for naught.

MR. CHIEF JUSTICE JAMES T. HARRISON and MR. JUSTICES DOYLE, ADAIR and CASTLES concur.