No. 12317

IN THE SUPREME COURT OF THE STATE OF MONTANA

1972

---

ALBERT CORBAN,

Plaintiff and Appellant,

-vs-

LENORE CORBAN,

Defendant and Respondent.

---

Appeal from: District Court of the Fourth Judicial District,
Honorable E. Gardner Brownlee, Judge presiding.

Counsel of Record:

For Appellant:

Tipp, Hoven and Brault, Missoula, Montana.
Vernon B. Hoven argued, Missoula, Montana.

For Respondent:

Robert L. Deschamps, III, County Attorney, Missoula,
Montana.
M. Gene McLatchy argued, Missoula, Montana.

---

Submitted: October 16, 1972

Decided: DEC 27 1972

Filed: DEC 27 1972

*Thomas J. Kearney*
Clerk

Mr. Justice Frank I. Haswell delivered the Opinion of the Court.

Plaintiff husband secured a divorce from defendant wife in March, 1970 in the district court of Missoula County. About eighteen months later, defendant wife filed a petition in the same cause seeking an adjudication of property rights which had not been sought by either party or adjudicated in the divorce proceeding. Following a hearing, the district court awarded defendant wife the sum of $5,000 as her share of the family assets. From this judgment, plaintiff husband appeals.

Albert Corban and Lenore Corban were married in Polson, Montana in 1940. During the course of their marriage they acquired the following property: Lots on and near Woods Bay on Flathead Lake amounting to one and one-half to two acres, a logging truck, household furniture, antique cars, art equipment, and miscellaneous personal property.

On February 9, 1970, Albert filed an action for divorce against Lenore. The complaint simply sought a divorce; it did not seek an adjudication of property rights. Lenore signed an acceptance of service, but did not appear in the action. Her default was entered thereafter and Albert was granted an absolute divorce from Lenore on March 16, 1970 by the district court of Missoula County. The divorce decree was silent concerning property rights.

On October 5, 1971, Lenore filed a petition in the divorce proceeding seeking a hearing to determine a property settlement, or in the alternative support money and attorney's fees. Albert filed a motion to quash but before it was heard Lenore filed an amended petition. In the amended petition Lenore claimed that at the time of the divorce she was physically and mentally ill and unable to defend herself; that in such condition she had fled the

state and was living off the charity of strangers in California; that at the time she signed the acceptance of service in the divorce action she also signed a quit claim deed to the real estate on Flathead Lake upon Albert's promise that she would be financially taken care of and supported; and that she has never received any money or support from Albert except $1,000. Lenore also alleged that on her return to Montana in May, 1970, she discovered that Albert had secured a divorce and thereafter sought legal assistance from several attorneys eventually culminating in this petition of October 5, 1971 and the amended petition of November 19, 1971. She sought to vacate the default divorce, interpose an answer and counterclaim, and to have her legal rights adjudicated by the court.

A hearing was held on Lenore's amended petition. On December 9, 1971, the district court entered an order which, quoted in part, stated:

> "The evidence presented does not warrant any setting aside of the default judgment; however, it does appear to the Court that the Defendant is entitled to have the Court determine whether or not the Defendant is entitled to any further share of the property acquired during the marriage."

The district court set the property adjudication for hearing and ordered each party to file a complete inventory and accounting of the family assets as of the date the divorce complaint was filed.

The hearing was held thereafter and on April 27, 1972, the district court entered findings of fact, conclusions of law and judgment, awarding Lenore the sum of $5,000 cash "as her share of the family assets". Following denial of Albert's exceptions and motion to amend the findings, he appeals from this final judgment.

- 3 -

A single controlling issue determines the outcome of this appeal, viz: Did the district court have jurisdiction over the subject matter of the petition, that is, the adjudication of property rights?

The pleadings in the divorce action raised but one issue-- whether Albert was entitled to a divorce from Lenore. Neither party sought an adjudication of property rights. The divorce decree made no adjudication of property rights. The district court made an express finding in its order of December 9, 1971, that "The evidence presented does not warrant any setting aside of the default judgment * * *." This is equivalent to a finding that no grounds exist for relief from the judgment under Rule 60, M.R.Civ.P. This should have ended the divorce action in the district court and imparted a finality to the judgment in that action.

Here, the district court acquired no jurisdiction over the subject matter of property rights in the first instance. The matter of property rights was foreign to the litigation and beyond the scope of any issue in the case. The divorce decree did not purport to adjudicate property rights and when the district court found that the decree should not be set aside, no basis remained for the exercise of jurisdiction over the subject matter of property rights in that action. The divorce action was at an end, and the jurisdiction of the district court therein exhausted.

Lenore contends that Albert acquiesced in the hearing on property rights and now that the decision has gone against him he should not be heard to complain that she must file an independent action to determine her property rights. Such argument overlooks the fundamental principle that lack of jurisdiction over the subject matter can be raised at any time and a court

which in fact lacks such jurisdiction cannot acquire it even by consent of the parties. Reed v. Woodmen of the World, 94 Mont. 374, 22 P.2d 819 and Wilson v. Thelen, 110 Mont. 305, 100 P.2d 923. In Rule 12(h)(3), M.R.Civ.P. it is stated:

> "Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action."

All this may appear to require purposeless relitigation of identical issues by the same parties in the same court by overly technical application of procedural niceties. Jursidiction-- the right to hear and determine an issue--transcends procedural considerations and involves the fundamental power and authority of the court itself. Additionally, an independent action to determine property rights involves issues not adjudicated in the instant case--intrinsic fraud, merger, and collateral estoppel, for example. The merits of the respective claims of the parties to the property involved must await determination in an action brought for that purpose in the proper court.

The judgment of the district court is vacated and set aside.

_____
Associate Justice

We concur:

_____
Chief Justice

_____

_____
Associate Justices