No. 03-193

IN THE SUPREME COURT OF THE STATE OF MONTANA

2004 MT 257

TIMOTHY S. BASTO,

   Petitioner and Appellant,

  v.

STATE OF MONTANA,

   Respondent and Respondent.

APPEAL FROM:  District Court of the Eighth Judicial District,
In and For the County of Cascade, Cause No. ADC 2001-153-1
Honorable Thomas M. McKittrick, Presiding Judge

COUNSEL OF RECORD:

   For Appellant:

    Timothy S. Basto, *pro se*, Shelby, Montana

   For Respondent:

    Honorable Mike McGrath, Attorney General; Pamela P. Collins,
Assistant Attorney General, Helena, Montana

    Brant Light, County Attorney, Great Falls, Montana

       Submitted on Briefs: October 30, 2003

         Decided: September 14, 2004

Filed:

         Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1     Timothy Sean Basto (Basto) appeals from the order entered by the Eighth Judicial District Court, Cascade County, dismissing his petition for postconviction relief. We affirm.

¶2     We address the following issue on appeal:

¶3     Did the District Court err in dismissing Basto's petition for postconviction relief, which alleged that his sentence constituted cruel and unusual punishment under the Eighth Amendment of the United States Constitution?

## FACTUAL AND PROCEDURAL BACKGROUND

¶4     Basto and co-defendants William Burke and Alfred Smith, inmates at the Cascade County Detention Center, while in their respective cells, each knowingly possessed a sharpened metal object known as a "shank." After the defendants refused to surrender the shanks, the officer on duty successfully forced each to submit the shanks. The following day, as an officer was conducting a "count" and approached Basto's cell, Basto spit saliva through an opening in the door, striking the officer. On April 18, 2001, Basto was charged with the offense of possession of a deadly weapon by a prisoner in violation of § 45-8-318(1)(a)(i), MCA, and assault with a bodily fluid in violation of § 45-5-214(1)(b), MCA. Basto pled not guilty to all offenses.

¶5     On June 11, 2001, Basto filed an Acknowledgment of Waiver of Rights by Plea of Guilty and a Plea Agreement in District Court whereby Basto agreed to plead guilty to the charges for possession of a deadly weapon by a prisoner in a facility. On July 23, 2001, the District Court sentenced Basto to five years at the Montana State Prison for

2

possession of a deadly weapon by a prisoner to be served concurrently with a sentence for criminal mischief Basto received in a companion case. Pursuant to the plea agreement, the assault charge was dismissed. Basto did not appeal his judgment of conviction or sentence.

¶6 On September 18, 2002, Basto timely filed a *pro se* petition for postconviction relief in District Court alleging that his sentence was disproportionately severe when compared to his co-defendants, thereby constituting cruel and unusual punishment under the Eighth Amendment to the United States Constitution. Basto requested that the District Court suspend a portion of his sentence allowing him to serve the same amount of time incarcerated as his co-defendants.

¶7 On October 7, 2002, the State filed a response to Basto's petition for postconviction relief arguing the Eighth Amendment has no proportionality guarantee and that even if such guarantee existed, Basto's sentence was not unconstitutionally disproportionate.

¶8 On February 11, 2003, the District Court issued an order denying Basto's petition for postconviction relief on the grounds that the sentence complained of was the result of a "binding" plea agreement. Furthermore, it found that Basto bargained for and received the same sentence he agreed to in the plea bargain and that his Eighth Amendment proportionality argument fails.

¶9 On February 20, 2003, Basto filed notice to appeal the denial of his petition.

**STANDARD OF REVIEW**

3

¶10 This Court reviews a district court's denial of a petition for postconviction relief to determine whether the district court's findings of fact are clearly erroneous and whether its conclusions of law are correct. *State v. Root*, 2003 MT 28, ¶ 7, 314 Mont. 186, ¶ 7, 64 P.3d 1035, ¶ 7 (citing *State v. Wright*, 2001 MT 282, ¶ 9, 307 Mont. 349, ¶ 9, 42 P.3d 753, ¶ 9).

## DISCUSSION

¶11 ***Did the District Court err in dismissing Basto's petition for postconviction relief, which alleged that his sentence constituted cruel and unusual punishment under the Eighth Amendment of the United States Constitution?***

¶12 Basto argues that, pursuant to the Eighth Amendment of the United States Constitution, his sentence is disproportionately severe when compared to his co-defendants, and therefore constitutes cruel and unusual punishment. The State contends that Basto voluntarily bargained for the sentence he received and consequently waived any Eighth Amendment challenge.

¶13 This Court has consistently held that a sentence within the maximum statutory guidelines does not violate the Eighth Amendment prohibition against cruel and unusual punishment. *State v. DeSalvo* (1995), 273 Mont. 343, 350, 903 P.2d 202, 207. Moreover, we "review[] a criminal sentence for legality only, ascertaining whether the sentence falls within the statutory parameters." *State v. Mingus*, 2004 MT 24, ¶ 10, 319 Mont. 349, ¶ 10, 84 P.3d 658, ¶ 10; *State v. McLeod*, 2002 MT 348, ¶ 12, 313 Mont. 358, ¶ 12, 61 P.3d 126, ¶ 12. "A sentence is not illegal when it falls within the statutory parameters." *Mingus,* ¶ 10.

4

¶14 Basto does not allege that his sentence falls outside of the statutory parameters and there is nothing in the plea agreement that indicates Basto would receive the same sentence as his co-defendants. Basto received the sentence he bargained for in his plea bargain, the voluntariness of his guilty pleas were not at issue in the District Court, and his sentence falls within the maximum guidelines. Thus, Basto's sentence does not violate cruel and unusual punishment protections.

¶15 However, even if Basto had a viable Eighth Amendment claim, the State further argues that it would be procedurally barred because Basto failed to raise it on direct appeal set forth in § 46-21-105(2), MCA. The statute provides:

> When a petitioner has been afforded the opportunity for a direct appeal of the petitioner's conviction, grounds for relief that were or could reasonably have been raised on direct appeal may not be raised, considered or decided in a proceeding brought under this chapter.

We have consistently applied this statutory bar in order to "prevent the abuse of post-conviction relief by criminal defendants who would substitute those proceedings for direct appeal." *Kills On Top v. State* (1995), 273 Mont. 32, 60, 901 P.2d 1368, 1386. Because Basto failed to raise any Eighth Amendment claim on direct appeal, it is barred under § 46-21-105(2), MCA.

¶16 In addition, Basto offers the unusual argument that his sentence does not comport with the sentencing statutes because he was not ordered to pay restitution, and he should be so required. However, similar to his Eighth Amendment claim, this issue is procedurally barred due to Basto's failure to raise the issue on direct appeal under § 46-21-105(2), MCA, and we decline to address the merits of the issue.

¶17 Basto also contends in his reply brief that because he did not receive the same sentence as his co-defendants, he was denied equal protection under the law. Basto did not present an equal protection argument in the District Court, and on appeal, raises it only in his reply brief. As such, the issue was not preserved for review. *State v. Shook,* 2002 MT 347, ¶ 19, 313 Mont. 347, ¶ 19, 67 P.3d 863, ¶ 19; *State v. Sattler*, 1998 MT 57, ¶ 47, 288 Mont. 79, ¶ 47, 956 P.2d 54, ¶ 47.

¶18 Affirmed.


/S/ JIM RICE

We concur:


/S/ PATRICIA O. COTTER
/S/ JIM REGNIER
/S/ W. WILLIAM LEAPHART
/S/ JAMES C. NELSON