No. 05-143

IN THE SUPREME COURT OF THE STATE OF MONTANA

2005 MT 264

STATE OF MONTANA,

Plaintiff and Respondent,

v.

STEVEN LEE OSBORNE,

Defendant and Appellant.

APPEAL FROM:    The District Court of the Twentieth Judicial District,
In and For the County of Lake, Cause No. DC-2003-97,
Honorable C. B. McNeil, Presiding Judge

COUNSEL OF RECORD:

For Appellant:

Kristina Neal, Assistant Appellate Defender, Helena, Montana

For Respondent:

Honorable Mike McGrath, Attorney General; John Paulson,
Assistant Attorney General, Helena, Montana

Robert J. Long, County Attorney, Polson, Montana

Submitted on Briefs:  September 7, 2005

Decided:   October 25, 2005

Filed:

_____
Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

¶1     Steven Lee Osborne (Osborne) was convicted of felony driving under the influence (DUI).  Pursuant to a plea agreement, the court designated Osborne as a persistent felony offender and sentenced him to ten years in prison, five of which were suspended.

¶2     Osborne filed a petition for postconviction relief, asserting that the court exceeded its sentencing authority.  The District Court denied his petition. Osborne now appeals.  We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

¶3     On July 30, 2003, the State charged Osborne with felony DUI.  Osborne had previously been convicted of DUI four times, the most recent of which had resulted in Osborne's being convicted of felony DUI in 1999.  Consequently, the State filed a notice seeking to have Osborne declared a persistent felony offender pursuant to § 46-18-501, MCA.  When he subsequently pled guilty to the charge of felony DUI, Osborne was aware of the State's intention to seek persistent felony offender status.  The court declared Osborne a persistent felony offender and sentenced him to ten years in prison, with five years suspended.

¶4     Osborne did not appeal this judgment and sentence.  On January 5, 2005, however, Osborne filed a petition for postconviction relief.  His petition argues that, pursuant to § 61-8-731, MCA (2003), the court lacked authority to sentence him concomitantly on a charge of felony DUI and as a persistent felony offender.  Osborne's petition contends that the 2001 amendment of the DUI sentencing statute prohibits the court from imposing a sentence of

2

more than five years for felony DUI, and requires that all but thirteen months of the sentence be suspended. The District Court sentenced Osborne to ten years, and suspended only five years of his sentence. Therefore, Osborne's petition contends, the District Court exceeded its statutory authority when it sentenced him to ten years in prison, with five years suspended.

¶5     The State argues that the persistent felony offender statute, §§ 46-18-501 and -502, MCA (2003), includes felony DUI among the felonies to which it applies. The State notes that this Court held in 2001 that the persistent felony offender statute applied to persons convicted of felony DUI. *State v. Yorek*, 2002 MT 74, 309 Mont. 238, 45 P.3d 872. The State observes that the persistent felony offender statute has remained unchanged since our decision in *Yorek*. Accordingly, the State argues, Osborne's sentence was authorized by § 46-18-502, MCA (2003).

¶6     The District Court dismissed Osborne's petition for postconviction relief, concluding that the petition failed to state a claim on which relief could be granted. The District Court's proffered rationale was that the felony DUI statute had not been amended since *Yorek* was decided in 2002 and *Yorek* controlled the disposition of Osborne's petition.

¶7     Osborne now appeals the District Court's dismissal of his petition. He claims that the court failed to recognize that this Court's decision in *Yorek* applied the pre-amendment version of § 61-8-731, MCA (1999). The State counters that the District Court correctly dismissed Osborne's petition because our holding in *Yorek* was premised on the authority bestowed upon the sentencing court by § 46-18-502, MCA, which is unaffected by the limits

included in the felony DUI sentencing provision.  The State also suggests that Osborne's petition raises claims that could have been raised on direct appeal.  Accordingly, the State argues that Osborne's petition is procedurally barred pursuant to § 46-21-105(2), MCA.

**STANDARD OF REVIEW**

¶8      We review a district court's denial of a petition for postconviction relief to determine whether the district court's findings of fact are clearly erroneous and whether its conclusions of law are correct.  *State v. Root*, 2003 MT 28, ¶ 7, 314 Mont. 186, ¶ 7, 64 P.3d 1035, ¶ 7 (citation omitted).

**DISCUSSION**

¶9      Did the District Court err in dismissing Osborne's petition for postconviction relief?

¶10     In addition to contesting the merits of Osborne's petition, the State argues that, pursuant to § 46-21-105(2), MCA (2003), this Court is procedurally barred from considering the petition because it challenges the legality of his sentence and this is an issue that could have been raised on direct appeal.  Osborne counters that because the State failed to argue this procedural bar before the District Court, it has waived this argument on appeal.

¶11     Generally, we will not address issues raised for the first time on appeal.  *State v. Baker* (1995), 272 Mont. 273, 280, 901 P.2d 54, 58 (citing Rule 2(a), M.R.App.P.) (other citations omitted).  Nevertheless, this rule does not preclude consideration of a jurisdictional issue that is raised for the first time on appeal.  *State v. Abe*, 2001 MT 260, ¶ 14, 307 Mont. 233, ¶ 14, 37 P.3d 77, ¶ 14; *see also* Rule 12(h)(3), M.R.Civ.P. ("[w]henever it appears by

4

suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action").

¶12   Jurisdiction is conferred on the courts only by the Constitution or statutes adopted pursuant to the Constitution. *State ex rel. Johnson v. Dist. Ct.* (1966), 147 Mont. 263, 266, 410 P.2d 933, 935. "Jurisdiction as applied to courts is the power or capacity *given by law* to a court to entertain, hear and determine the particular case or matter." *Johnson*, 147 Mont. at 267-68, 410 P.2d at 935 (quoting *State ex rel. Bennett v. Bonner* (1950), 123 Mont. 414, 214 P.2d 747, 753) (emphasis in original); *accord State v. Peña*, 2004 MT 293, ¶ 35, 323 Mont. 347, ¶ 35, 100 P.3d 154, ¶ 35. In *Johnson*, we held that a district court lacked jurisdiction to compel a county to pay an attorney the court had appointed to represent an indigent defendant in justice court. We concluded that the court lacked jurisdiction because neither the state constitution nor statutory law required or allowed a district court to appoint an attorney under such circumstances or to impose a remuneratory obligation on the county. *Johnson*, 147 Mont. at 268, 410 P.2d at 936.

¶13   In *Peña*, we reasoned that postconviction relief is a "special proceeding" that is governed by the Rules of Civil Procedure only to the extent that those rules are not inconsistent with the procedural provisions of the postconviction relief statute. *Peña*, ¶ 32. Moreover, we observed that postconviction relief is not a constitutional right; rather, it is statutorily created. *Peña*, ¶ 35. Accordingly, we determined that "the statutory rules which circumscribe the postconviction process are jurisdictional in nature." *Peña*, ¶ 35 (dicta as applied to the procedural bar of § 46-21-105(2), MCA). We held that the State, by failing

5

to raise the jurisdictional argument before the district court, had not waived its argument that Peña had exceeded the statutory time limit, pursuant to § 46-21-102, MCA, for filing his petition for postconviction relief. *Peña*, ¶ 35; *accord Abe*, ¶ 16.

¶14 The statutory scheme that establishes the postconviction relief procedures provides that a person who has been adjudged guilty, "*who has no adequate remedy of appeal* and who claims that a sentence was . . . in excess of the maximum authorized by law . . . may petition the court that imposed the sentence to vacate, set aside, or correct the sentence[.]" Section 46-21-101(1), MCA (2003) (emphasis added). Several other provisions, however, limit the ability of a person to petition the court for postconviction relief and limit the court's capacity to entertain such petitions:

> When a petitioner has been afforded the opportunity for a direct appeal of the petitioner's conviction, grounds for relief that were or could reasonably have been raised on direct appeal may not be raised, *considered, or decided in a proceeding brought under this chapter*.

Section 46-21-105(2), MCA (2003) (emphasis added). The plain language of these provisions establishes that the courts lack any authority to consider (hear and entertain) or decide (determine) legal and factual issues that could reasonably have been raised on direct appeal if an adequate remedy of appeal was available to the petitioner. The italicized language was added to § 46-21-105(2), MCA, in 1997 by Senate Bill 216, the preamble to which eliminates any doubt whether this language was meant to proscribe the courts' authority:

> WHEREAS, it is the public policy of the State of Montana to provide persons accused of crimes with a fair and speedy trial and *direct appellate review* of legal issues fairly presented to the trial court; and

6

WHEREAS, the privilege of the writ of habeas corpus is preserved by Article II, section 19, of the Montana Constitution; and

. . .

WHEREAS, *there is no federal constitutional right to a specific statutorily prescribed postconviction procedure*; and

. . .

WHEREAS, amendments to Montana's postconviction relief and death penalty statutes will further the goal of finality by codifying certain interpretations of those statutes by the Montana Supreme Court and *clarifying legislative intent with respect to other provisions*.

THEREFORE, *it is the policy of the State of Montana to prescribe and limit*, consistent with constitutional safeguards of the criminal justice process, *the authority of an appellate or other reviewing court to consider legal and factual issues determined by the trial or sentencing court*.

1997 Mont. Laws Ch. 302, Sec. 3 (Preamble) (emphasis added). Thus the legislature intended the statutory language as a limit on the courts' authority to hear and decide, in the context of postconviction proceedings, issues that were, or could have been, raised on direct appeal. Because there is no other source of law granting courts jurisdiction over such issues, § 46-21-105(2), MCA, effectively prohibits the courts from exercising jurisdiction over grounds for relief that could reasonably have been raised on appeal.

¶15 Lack of subject matter jurisdiction cannot be waived. *In re Marriage of Miller* (1993), 259 Mont. 424, 427, 856 P.2d 1378, 1380. Without exception, a court that lacks subject matter jurisdiction may not hear or decide a case, but must dismiss it once its lack of jurisdiction is raised. *Miller*, 259 Mont. at 427, 856 P.2d at 1380. Although this Court has permitted petitioners for postconviction relief to raise issues that could have been raised on direct appeal, we have done so only when the petitioner lacked an adequate remedy of appeal. *See, e.g.*, *Petition of Hans*, 1998 MT 7, ¶ 19, 288 Mont. 168, ¶ 19, 958 P.2d 1175, ¶ 19 (allowing the petitioner to raise issues that could have been raised on direct appeal when

7

the petitioner was denied the (adequate remedy of, or) opportunity to appeal because he was abandoned by counsel during the course of his appeal).[1]   Obviously, if no adequate remedy of appeal were available to the petitioner, then no grounds for relief could reasonably have been raised on appeal.  Thus, *Hans* does not establish an exception to the jurisdictional limit embodied in § 46-21-105(2), MCA, and no such exceptions exist.

¶16     Our previous holdings concerning the application of § 46-21-105(2), MCA, are consistent with our interpretation of that provision as a limit on the subject matter jurisdiction of the courts.  In *Sanders v. State*, 2004 MT 374, 325 Mont. 59, 103 P.3d 1053, we affirmed the district court's dismissal of Sanders's petition for postconviction relief pursuant to § 46-21-105(2), MCA.  As here, the State failed to argue to the district court that § 46-21-105(2), MCA, procedurally barred Sanders's petition.  *Sanders*, ¶¶ 7–8.  Nevertheless, the court dismissed the petition on the basis of the procedural bar, which the court raised *sua sponte*. *Sanders*, ¶ 8.  By affirming the district court's dismissal, we implicitly acknowledged that the State does not waive the procedural bar by failing to raise it before the district court.  We implicitly recognized that this procedural bar is jurisdictional in nature.  *See* Rule 12(h)(3), M.R.Civ.P. ("[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction on the subject matter, the court shall dismiss the action").  Similarly, in *State v. Basto*, 2004 MT 257, 323 Mont. 80, 97 P.3d 1113, the district court had denied a petition for postconviction relief on its merits.  *Basto*, ¶ 8.  The State apparently argued for

---

[1]*Hans* was decided pursuant to the version of § 46-21-105(2), MCA, that existed prior to the 1997 amendments, which added the language that render the provision jurisdictional in nature.

8

the first time on appeal that § 46-21-105(2), MCA, required the Court to dismiss the petition. *Basto*, ¶ 15. Notwithstanding the State's failure to raise the procedural bar before the district court, we held that the petition was barred by § 46-21-105(2), MCA. *Basto*, ¶ 15. By so holding, we again implicitly acknowledged that the procedural bar is jurisdictional and that the State does not waive the procedural bar by failing to raise it before the district court.

¶17 We find that § 46-21-105(2), MCA, represents a jurisdictional limit on courts' ability to entertain and decide petitions for postconviction relief. Accordingly, the State may raise this issue for the first time on appeal.

¶18 Unfortunately, the State inexplicably failed to raise this procedural bar before the District Court. We do not condone the State's litigation strategy. Should the State choose to contest petitions on the merits before the district courts, reserving the procedural bar for its arguments on appeal, courts will unnecessarily rule on the merits of petitions or be forced to independently assess their jurisdiction over each of the issues raised in the petition. Asking an appellate court to dismiss a petition on procedural grounds after the trial court has addressed the merits is the epitome of judicial inefficiency. Nevertheless, "[j]urisdiction—the right to hear and determine an issue—transcends procedural considerations and involves the fundamental power and authority of the court itself." *Corban v. Corban* (1972), 161 Mont. 93, 96, 504 P.2d 985, 987.

¶19 The procedural bar is jurisdictional and we may address the State's argument that Osborne's petition is procedurally barred because it raises issues that could have been raised

9

on direct appeal. Consequently, we must determine whether Osborne could have challenged the District Court's authority to sentence him as a persistent felony offender on direct appeal.

¶20 Osborne acknowledges that he did not object to his sentence when it was announced by the court. Nevertheless, he contends that this Court may review his sentence to determine whether it is statutorily permissible. This Court may review a sentence to determine whether it is illegal or exceeds statutory mandates, despite the fact that the sentence was not objected to at the trial court level. *State v. Lenhian* (1979), 184 Mont. 338, 343, 602 P.2d 997, 1000. Such review is permitted on direct appeal. *Lenihan*, 184 Mont. at 339, 343, 602 P.2d at 1000; *State v. Hatfield* (1993), 256 Mont. 340, 346, 846 P.2d 1025, 1029. Here, Osborne contends that the court exceeded the statutory mandate of § 61-8-731, MCA (2003), when it sentenced him as a persistent felony offender. Osborne's challenge to the legality of his sentence could have been raised on direct appeal. Accordingly, this Court may not consider his argument in this proceeding for postconviction relief. Section 46-21-105(2), MCA (2003). "We have consistently applied this statutory bar in order to prevent the abuse of post-conviction relief by criminal defendants who would substitute those proceedings for direct appeal." *Basto*, ¶ 15 (internal quotations and citation omitted). We do so again.

¶21 We will not reverse the District Court when it reaches the right result, even if for the wrong reason. *State v. Veis*, 1998 MT 162, ¶ 16, 289 Mont. 450, ¶ 16, 962 P.2d 1153, ¶ 16; *see also Peña*, ¶ 38 (affirming dismissal of a petition for postconviction relief on grounds other than those relied on by the district court). Accordingly, we conclude that the District Court did not err in dismissing Osborne's petition for postconviction relief.

10

¶22    We affirm.


                                             /S/ W. WILLIAM LEAPHART


We concur:

/S/ KARLA M. GRAY
/S/ PATRICIA O. COTTER
/S/ JAMES C. NELSON
/S/ JIM RICE