FILED

April 2 2014

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

DA 13-0443

IN THE SUPREME COURT OF THE STATE OF MONTANA

2014 MT 91N

DAVID VOIT,

        Plaintiff and Appellee,

v.

KARL C. and MARIA M. MERTZ,

        Defendants and Appellants.

APPEAL FROM:    District Court of the Fourth Judicial District,
                    In and For the County of Mineral, Cause No. DV-11-53
                    Honorable Karen Townsend, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

                Karl C. Mertz, self-represented, Maria M. Mertz, self-represented; Long Beach, Mississippi; Galesburg, Illinois

        For Appellee:

                John D. Greef, Attorney at Law; Hamilton, Montana

                                Submitted on Briefs:  March 5, 2014
                                        Decided:  April 2, 2014

Filed:

                                _____
                                            Clerk

Justice Michael E Wheat delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Karl and Maria Mertz (together, the Mertzes) and David Voit (Voit) entered into a written contract for the sale of real property in July of 2006. By the terms of the contract, the Mertzes were to convey 4 acres to Voit from a 16.79 acre parcel located in Mineral County, Montana. In consideration for that property, Voit was to convey a one acre parcel that he owned in the Florida Keys, and pay the Mertzes $40,500. Voit eventually paid the Mertzes a total of $38,500.

¶3 The Mertzes failed to obtain approval from Mineral County for the division of 4 acres from their 16.79 acre parcel. Voit brought this action alleging breach of contract, illegal contract, and specific performance. The District Court issued judgment in favor of Voit, finding that the contract was void as impracticable because subdivision of the property was illegal under state and county subdivision laws and regulations. The court awarded Voit $38,500, plus interest and costs of suit. The Mertzes now appeal from the judgment on the grounds that the District Court lacked jurisdiction over the contract, and that it erred when it found that the contract was impracticable as a matter of law.

¶4 Although the Mertzes failed to raise this issue at the District Court level, lack of subject matter jurisdiction may be raised at any time in a proceeding and cannot be waived. *State v. Osborne*, 2005 MT 264, ¶¶ 15-16, 329 Mont. 95, 124 P.3d 1085. The Mertzes argue

2

that, since the contract was signed in Idaho, the courts and law of that state should govern. "A contract is to be interpreted according to the law and usage of the place where it is to be performed or, if it does not indicate a place of performance, according to the law and usage of the place where it is made." Section 28-3-102, MCA. "Real property within this state is governed by the law of this state, except where the title is in the United States." Section 70-1-107, MCA.

¶5　Montana courts clearly have jurisdiction over the contract here. The contract concerns a transaction for real property situated in Mineral County, Montana. Performance of the contract, therefore, requires the transfer of real property in Montana. It is further undisputed that the parcel of land is within the State and is not titled in the United States. The law and courts of Montana, therefore, have jurisdiction over this contract for the conveyance of real property.

¶6　Now turning to the contract itself, the object of a contract must be lawful when the contract is made, and must be possible and ascertainable by the time the contract is to be performed. Section 28-2-602, MCA. The object of a contract is the thing which it is agreed on the part of the party receiving the consideration to do or not to do. Section 28-2-601, MCA. Where a contract has but a single object and such object is unlawful, or wholly impossible to perform, the entire contract is void. Section 28-2-603, MCA. Courts may determine that performance is impossible when it is impractical, or can only be done at an excessive, unreasonable and unbargained-for cost. *Cape-France Enters. v. Estate of Peed*, 2001 MT 139, ¶ 23, 305 Mont. 513, 29 P.3d 1011. A party's prospective failure of

performance may . . . discharge the other party's duties or allow him to suspend performance . . . . *Restatement (Second) of Contracts* § 268 (1981).

¶7 The written contract here sought to convey 4 acres in Mineral County to Voit, and in consideration for this property, the Mertzes would receive a sum of money and property in Florida. The object of the contract, therefore, was the 4 acre property in Mineral County, and Voit's end of the bargain was payment of money and land in consideration for that property. It is undisputed that the subdivision of that property is prohibited by state and county regulations, and is unlawful. The court found that the subdivision of the land was impracticable due to its illegality, and therefore, declared that the entire contract was void under § 28-2-603, MCA. The Mertzes argue that they should not be held responsible for the subdivision laws here, as they had agreed with Voit that they would jointly mount a constitutional challenge to invalidate the subdivision laws. We see no evidence of this agreement in the record. But even if that agreement was present in the record, the object of a contract must be possible and ascertainable at the time the contract is to be performed. Section 28-2-602, MCA. Had Voit completed his end of the bargain, the Mertzes could not perform until some undisclosed, unascertainable time in the future when the challenge to Mineral County's subdivision laws had prevailed.

¶8 The Mertzes argue that the sole object of the contract was not illegal or impracticable because Voit's end of the bargain, a sum of money and land in Florida, was an object of the contract and was not illegal or impracticable. But where a party has a prospective failure of performance due to impracticability, the other party's duties are discharged. *Restatement (Second) of Contracts* § 268. Voit had paid all but a small sum of the purchase price, and

4

remained ready to convey title to the Florida property upon the subdivision of the Mineral County property. Voit is not obligated to pay money and land in exchange for property which he may or may not receive at an unascertainable future date.

¶9 The Mertzes make several other allegations and arguments tangential to their relationship with Voit; that the court should have considered Voit's deplorable moral character; that the court failed to consider the various medical issues and deaths that hindered the Mertzes in performance of the contract; that Voit had filed suit for the purpose of clearing his title to the Florida property and obtaining financial security; and that Voit had attempted to involve Karl Mertz in a criminal conspiracy to sabotage the competitors of Voit's employer. These allegations and arguments are irrelevant to the validity of the contract, which is the only legal issue raised in the complaint and answers.

¶10 We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for noncitable memorandum opinions. The issues in this case are legal and are controlled by settled Montana law, which the District Court correctly interpreted and applied.

¶11 Affirmed.

/S/ MICHAEL E WHEAT

We Concur:

/S/ PATRICIA COTTER
/S/ JIM RICE
/S/ BETH BAKER
/S/ LAURIE McKINNON

5