FILED

09/08/2020

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 19-0694

DA 19-0694

IN THE SUPREME COURT OF THE STATE OF MONTANA

2020 MT 226N

RICHARD D. REINERT, JR.,

    Petitioner and Appellant,

    v.

STATE OF MONTANA,

    Respondent and Appellee.

APPEAL FROM:    District Court of the Thirteenth Judicial District,
                In and For the County of Yellowstone, Cause No. DV 18-1403
                Honorable Donald L. Harris, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

        Richard Douglas Reinert, Jr., Self-Represented, Shelby, Montana

        For Appellee:

        Timothy C. Fox, Montana Attorney General, Jonathan M. Krauss, Assistant
        Attorney General, Helena, Montana

        Scott Twito, Yellowstone County Attorney, Ed Zink, Deputy County
        Attorney, Billings, Montana

                        Submitted on Briefs:   August 5, 2020

                                   Decided:   September 8, 2020

Filed:

                _____
                                Clerk

Justice James Jeremiah Shea delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion, shall not be cited, and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Richard D. Reinert, Jr., appeals from the November 13, 2019 order of the Thirteenth Judicial District Court, Yellowstone County, denying his pro se petition for postconviction relief. Reinert argues that the District Court erred when it dismissed his petition without an evidentiary hearing. We affirm.

¶3 The facts of this case are set forth at length in our Opinion affirming Reinert's conviction on direct appeal. *See State v. Reinert*, 2018 MT 111, 391 Mont. 263, 419 P.3d 662 (*Reinert I*). For purposes of this appeal, it is sufficient to recount the following: On December 21, 2013, Reinert shot Jessica Stephenson nine times inside his home after a night of heavy drinking. Stephenson was a friend of Reinert's wife, Danielle. She called 911 to report that Reinert was acting violently. While Stephenson was on the phone with 911, Reinert shot her nine times with a handgun, killing her. The 911 recording was introduced at trial. Immediately after he shot Stephenson, Reinert can be heard on the recording shouting at his wife: "you made me f\*\*king shoot her," "you made me f\*\*king do this because of you," "you made me do this," and "you are the one that made me kill her."

¶4 Reinert was tried in March 2015. Reinert testified that he shot Stephenson because he believed she was approaching him with something in her hand, causing him to fear serious bodily injury or death. The jury rejected Reinert's justifiable use of force defense and found him guilty of deliberate homicide.

¶5 In April 2015, Reinert filed a motion for a new trial based on the State's alleged withholding of favorable impeachment evidence. Reinert's motion was denied.

¶6 Reinert appealed his conviction, arguing that the District Court erred in denying his motion for a new trial and that it abused its discretion when it allowed cross-examination regarding Reinert's prior bad act of filing a false police report. We affirmed Reinert's conviction. *Reinert I*, ¶¶ 35-36.

¶7 On September 7, 2018, Reinert filed a petition for postconviction relief and requested an evidentiary hearing. Reinert's petition was supported by affidavits from himself, his father, and his mother.

¶8 Reinert's seventy-five-page petition alleged seven grounds for relief, encompassing over thirty individual claims. On November 13, 2019, the District Court denied relief and dismissed Reinert's petition without an evidentiary hearing.

¶9 Reinert argues on appeal that the District Court erred in summarily dismissing the following claims: (1) the State failed to obtain or disclose material evidence, specifically evidence of Danielle's statement made to nurses in 2011 regarding a later recanted allegation of rape, fingerprints and DNA from a knife in the Reinert home, information about Reinert's alleged injuries, blood samples from Reinert and Danielle, the Billings

3

Police Department Policy Manual, Reinert's own cell phone records, and impeachment evidence that could have been used to discredit the forensic pathologist who testified at trial; (2) the District Court abused its discretion by twice refusing to allow Reinert to offer hearsay evidence of alleged threats made by Stephenson toward him; (3) the State committed prosecutorial misconduct when it made certain statements at trial asserting Reinert's testimony was untruthful; (4) trial counsel was ineffective by failing to object to the State's use of character evidence at trial, the State's failure to collect certain evidence, violations of Reinert's rights pursuant to *Miranda v. Arizona*, 384 U.S. 436, 86 S. Ct. 1602 (1966), the prosecutor challenging Reinert's truthfulness during closing arguments, the use of the State's jury instructions and trial court's failure to include certain definitions in its instructions to the jury, the allegedly poor video quality of security camera footage, the trial court's failure to provide Reinert with a preliminary hearing or a grand jury, the State's use of emotion in reading text messages, and the State's violations at sentencing pursuant to *Brady v. Maryland*, 373 U.S. 83, 83 S. Ct. 1194 (1963), failing to file motions to exclude Danielle as a witness, suppress the 911 call, change venue, and notify the trial court of possible juror misconduct; and, finally, (5) appellate counsel was ineffective for failing to raise on direct appeal issues of ineffective assistance of trial counsel and failing to file a supplemental authority notice of the cumulative error doctrine addressed in *State v. Cunningham*, 2018 MT 56, 390 Mont. 408, 414 P.3d 289.[1]

---

[1] In *Cunningham*, we stated that "[w]here individual [trial] errors would be insufficient alone, the sum of these errors can serve as a basis for reversal under the cumulative error doctrine." *Cunningham*, ¶ 32.

¶10 "We review a district court's denial of a petition for post-conviction relief to determine whether the court's findings of fact are clearly erroneous and whether its conclusions of law are correct." *Heath v. State*, 2009 MT 7, ¶ 13, 348 Mont. 361, 202 P.3d 118. "We review discretionary rulings in post-conviction relief proceedings, including rulings related to whether to hold an evidentiary hearing, for an abuse of discretion." *Heath*, ¶ 13. Ineffective assistance of counsel (IAC) claims are mixed questions of law and fact which we review de novo. *Rose v. State*, 2013 MT 161, ¶ 15, 370 Mont. 398, 304 P.3d 387.

¶11 A prisoner whose sentence is imposed in violation of the federal or state constitutions or other Montana laws may, after exhausting all appeal remedies, petition a district court for postconviction relief. *See* § 46-21-101(1), MCA. "A person requesting postconviction relief has the burden to show, by a preponderance of the evidence, that the facts justify the relief." *State v. Cobell*, 2004 MT 46, ¶ 12, 320 Mont. 122, 86 P.3d 20. The petition "'must be based on more than mere conclusory allegations. It must identify all facts supporting the grounds for relief set forth in the petition and have attached affidavits, records, or other evidence establishing the existence of those facts.'" *Kelly v. State*, 2013 MT 21, ¶ 9, 368 Mont. 309, 300 P.3d 120 (quoting *Ellenburg v. Chase*, 2004 MT 66, ¶ 16, 320 Mont. 315, 87 P.3d 473).

¶12 A postconviction proceeding "is not another form of appeal from a criminal case, but a separate civil proceeding aimed at vacating, setting aside or correcting a sentence." *State v. Boucher*, 2002 MT 114, ¶ 17, 309 Mont. 514, 48 P.3d 21. As such, a postconviction

5

proceeding does not afford a petitioner an opportunity to retry the facts of the case or raise issues that could have been raised or were already addressed on direct appeal. *See generally,* § 46-21-105(2), MCA. "A court may dismiss a petition for post-conviction relief without holding an evidentiary hearing if the petition fails to satisfy the procedural threshold set forth in § 46-21-104(1)(c), MCA." *Heath*, ¶ 16 (citing *Herman v. State*, 2006 MT 7, ¶ 15, 330 Mont. 267, 127 P.3d 422). *See also Cobell*, ¶ 12 ("If a district court finds that the allegations in a petition are without merit or would not otherwise entitle a petitioner to relief, a district court may deny an application for postconviction relief without holding an evidentiary hearing.").

¶13 Regarding Grounds One through Three—(1) that the State failed to obtain or disclose certain material evidence; (2) that the District Court abused its discretion in its trial rulings regarding hearsay evidence; and (3) that the State committed prosecutorial misconduct—these claims are based on trial events that are clearly reflected in the trial record. Reinert had an opportunity to address these claims on direct appeal, and the claims are therefore foreclosed pursuant to § 46-21-105(2), MCA. "We have consistently applied this statutory bar in order to 'prevent the abuse of post-conviction relief by criminal defendants who would substitute those proceedings for direct appeal.'" *Basto v. State*, 2004 MT 257, ¶ 18, 323 Mont. 80, 97 P.3d 1113.

¶14 Even if we were to assume Reinert's Grounds One through Three presented viable claims for relief, which they do not, we recognized in *Reinert I* that "[n]o one, including Reinert, disputes the fact that he shot [Stephenson] and that was the cause of her death.

6

The totality of the evidence was overwhelming . . . ." *Reinert I*, ¶ 22. The District Court did not err in dismissing Grounds One through Three as procedurally barred under § 46-21-105(2), MCA.

¶15 Grounds Four and Five allege ineffective assistance of trial counsel and appellate counsel, respectively. "To prevail on an IAC claim, a petitioner must show that counsel's performance was deficient and that the deficient performance prejudiced the defense." *Rose*, ¶ 15. "This standard also applies to IAC claims involving appellate counsel." *Rose*, ¶ 15. "[S]uch claims must be grounded upon facts which appear in or are easily deduced from the record and which go beyond the mere conclusory allegations in the defendant's affidavit." *Kelly*, ¶ 9 (quotations omitted).

¶16 Reinert asserts his trial counsel was deficient by failing to make certain trial objections and file certain motions. Reinert asserts his appellate counsel was deficient for failing to raise on direct appeal issues of IAC with his trial counsel and the cumulative error doctrine. Even if we assume, for the sake of argument, that Reinert's trial and appellate counsels' performance was deficient, in light of the other overwhelming evidence against him that was properly admitted, we reiterate that there is no reasonable probability of a different outcome in this case, either at trial or on appeal. Thus, Reinert has not shown that his counsels' performance, even if deficient, prejudiced his defense. *Rose*, ¶ 15.

¶17 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of

7

applicable standards of review. The District Court's dismissal of Reinert's petition for postconviction relief without an evidentiary hearing is affirmed.

/S/ JAMES JEREMIAH SHEA

We Concur:

/S/ MIKE McGRATH
/S/ BETH BAKER
/S/ DIRK M. SANDEFUR
/S/ JIM RICE