
DA 09-0269

IN THE SUPREME COURT OF THE STATE OF MONTANA

2011 MT 150N

STATE OF MONTANA,

      Plaintiff and Appellee,

    v.

KAL CLAYTON KENFIELD,

      Plaintiff and Appellee.

APPEAL FROM:    District Court of the Twelfth Judicial District,
In and For the County of Liberty, Cause No. DC 07-294
Honorable David Rice, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

        Kenneth R. Olson; Olson Law Office, P.C., Great Falls, Montana

      For Appellee:

        Steve Bullock, Montana Attorney General; John Paulson, Assistant
Attorney General, Helena, Montana; Helena, Montana

        Hugh B. Brown, Liberty County Attorney; Joe Coble, Merle Raph,
Special Deputy County Attorneys, Chester Montana

Submitted on Briefs:  June 1, 2011

Decided:  June 21, 2011

Filed:

_____
               Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Kal Kenfield appeals from an order of the District Court, Twelfth Judicial District, Liberty County, denying his claim of ineffective assistance of counsel. We affirm.

¶3 On September 11, 2008, Kenfield was convicted of one count of attempted deliberate homicide for engaging in a drive-by shooting at the Liberty County Sheriff's Office in Chester, Montana. Shots were fired in the direction of a dispatcher seated at her desk. Additionally, Kenfield was convicted of nine counts of criminal mischief for shooting at and damaging nine businesses in Chester.[1] Kenfield was represented at trial by Bradley L. Aklestad.

¶4 Subsequent to conviction, Kenfield alleged he was afforded ineffective assistance of counsel (IAC). The District Court held a hearing and took testimony from Kenfield, his father, and Aklestad. On November 29, 2010, the District Court concluded that Kenfield failed to prove his IAC claim and denied his motion for a new trial. Kenfield appeals.

---

[1] Kenfield was offered two plea agreements. The first, prior to trial, would have dismissed all charges other than two felony criminal mischief counts, and recommended two deferred three-year sentences to run consecutively. The second was offered after the close of the State's case-in-chief. The terms were the same as the first except that the State offered to recommend that the two deferred sentences run concurrently. Kenfield rejected both offers.

¶5    To establish IAC, a defendant must show (1) counsel's performance fell below an objective standard of reasonableness, and (2) a reasonable probability exists that, but for counsel's errors, the result of the proceeding would have been different. *Whitlow v. State*, 208 MT 140, ¶ 10, 343 Mont. 90, 183 P.3d 861.  In evaluating counsel's performance, "we will not test trial counsel's adequacy by the greater sophistication of appellate counsel, nor by that counsel's unrivaled opportunity to study the record at leisure and cite different tactics of perhaps dubious efficacy." *State v. Hildreth*, 267 Mont. 423, 432, 884 P.2d 771, 777 (1994).  Furthermore, in order to reconstruct the circumstances of counsel's challenged conduct, every effort must be made to eliminate the distorting effects of hindsight. *Whitlow*, ¶ 15.

¶6    Kenfield has failed to overcome the presumption that Aklestad's conduct fell "within the wide range of reasonable professional assistance." *Whitlow*, ¶ 15.  All of Kenfield's asserted deficiencies are after-the-fact criticisms of Aklestad's trial tactics, the majority of which are supported solely by Kenfield's self-serving testimony.  The District Court found Kenfield's testimony less credible than Aklestad's, and the credibility of witnesses is exclusively within the province of the trier of fact. *State v. Hurlburt*, 2009 MT 221, ¶ 40, 351 Mont. 316, 211 P.3d 869.  Kenfield's remaining claims are speculative, enjoy the benefit of hindsight and amount to little more than alternative tactical suggestions.  Kenfield has failed to establish that Aklestad's performance "fell below an objective standard of reasonableness measured under prevailing professional norms and in light of the surrounding circumstances." *Whitlow*, ¶ 20.

¶7     We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our

Internal Operating Rules, which provides for noncitable memorandum opinions. Kenfield

was not denied effective assistance of counsel.

¶8     Affirmed.

/S/ MIKE McGRATH

We concur:

/S/ MICHAEL E WHEAT
/S/ PATRICIA COTTER
/S/ BETH BAKER
/S/ JIM RICE