

DA 13-0598

IN THE SUPREME COURT OF THE STATE OF MONTANA

2014 MT 172N

KAL KENFIELD,

      Plaintiff and Appellant,

  v.

STATE OF MONTANA,

      Defendant and Appellee.

APPEAL FROM:    District Court of the Twelfth Judicial District,
In and For the County of Liberty, Cause No. DV 12-12
Honorable Jon A. Oldenburg, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Scott A. Albers, Attorney at Law, Great Falls, Montana

      For Appellee:

          Timothy C. Fox, Montana Attorney General, Pamela P. Collins, Assistant
Attorney General, Helena, Montana

          Hugh B. Brown, Liberty County Attorney, Chester, Montana

Submitted on Briefs:  June 18, 2014
Decided:  July 1, 2014

Filed:

_____
Clerk

Justice Michael E Wheat delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Kal Kenfield (Kenfield) was convicted by jury of one count of felony Attempted Deliberate Homicide, three counts of felony Criminal Mischief, and six counts of misdemeanor Criminal Mischief. Following his conviction, he moved for postconviction relief, alleging that he was provided ineffective assistance of counsel (IAC) by Bradley Aklestad (Aklestad). The District Court held a hearing and entered detailed findings of fact and conclusions of law denying the IAC claim; we affirmed. *State v. Kenfield*, 2011 MT 150N, ___ Mont. ___ , 264 P.3d 519 (*Kenfield I*). Kenfield filed a second petition for postconviction relief, which he later amended, founded particularly on a disciplinary action against Aklestad that resulted in Aklestad's suspension from the practice of law. He also requested a second evidentiary hearing. The District Court dismissed the amended petition, and denied Kenfield's request for a hearing. Kenfield appeals. We affirm.

¶3 This Court reviews a district court's denial of postconviction relief to determine if the court's findings of fact are clearly erroneous, and if its conclusions of law are correct. *Stock v. State*, 2014 MT 46, ¶ 9, 374 Mont. 80, 318 P.3d 1053. IAC claims present mixed questions of law and fact which are subject to de novo review. *Stock*, ¶ 9. Whether to hold a hearing in a postconviction relief proceeding is within the district court's discretion. Section 46-21-201(5), MCA.

¶4 Section 46-21-105(2), MCA, provides that "[i]neffectiveness or incompetence of counsel in proceedings on an original or an amended original petition under this part may not be raised in a second or subsequent petition under this part." The District Court concluded that, because Kenfield was raising IAC claims in his second amended motion when he had already alleged IAC in his original motion, the statute governed and his motion should be denied. We agree that § 46-21-105(2), MCA, precludes Kenfield's claim because he already raised IAC in his original motion. We also note, as did the District Court, that Kenfield could have discovered that Aklestad was being sanctioned by the Commission on Practice when he filed his original motion. Further, the fact that Aklestad was sanctioned for his failure to appear in the disciplinary proceedings against him does not signal he was ineffective in representing Kenfield—indeed, we previously affirmed the District Court's determination that Aklestad's representation fell within a reasonable range of professional assistance. *See Kenfield I.*

¶5 The issue in this case is legal and is controlled by settled Montana law, which the District Court correctly interpreted. The District Court thoroughly and correctly addressed this matter.

¶6 Affirmed.

/S/ MICHAEL E WHEAT

We Concur:

/S/ MIKE McGRATH
/S/ BETH BAKER
/S/ JIM RICE

3