FILED

08/16/2016

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 16-0035

DA 16-0035

IN THE SUPREME COURT OF THE STATE OF MONTANA

2016 MT 197

KAL C. KENFIELD,

   Petitioner and Appellant,

 v.

STATE OF MONTANA,

   Respondent and Appellee.

APPEAL FROM: District Court of the Twelfth Judicial District,
       In and For the County of Liberty, Cause No. DV-12-12
       Honorable Jon A. Oldenburg, Presiding Judge

COUNSEL OF RECORD:

   For Appellant:

     Kal C. Kenfield (Self-Represented), Shelby, Montana

   For Appellee:

     Timothy C. Fox, Montana Attorney General, Jon Bennion, Deputy
     Attorney General, Helena, Montana

     Hugh B. Brown, Liberty County Attorney, Chester, Montana

         Submitted on Briefs: June 15, 2016

            Decided: August 16, 2016

Filed:

           Clerk

Justice Michael E Wheat delivered the Opinion of the Court.

¶1 Kal Kenfield appeals the order of the Montana Twelfth Judicial District, Liberty County, dismissing his third petition for postconviction relief as untimely, and for the failure to meet his burden under the Montana postconviction relief statutes. We affirm.

## ISSUES

¶2 Kenfield raises several issues on appeal, which we restate as follows:

*1. Whether the District Court erred by dismissing Kenfield's newly discovered evidence claim.*

*2. Whether the criminal charging process used for Kenfield was consistent with the 1972 Montana Constitution and Montana statutes.*

## FACTUAL AND PROCEDURAL BACKGROUND

¶3 In September 2008, a jury convicted Kenfield of one count of attempted deliberate homicide for engaging in a drive-by shooting at the Liberty County Sheriff's Office in Chester, Montana. The incident involved shots that were fired in the direction of the sheriff's dispatcher seated at her desk. Additionally, a jury convicted Kenfield of three counts of felony criminal mischief and six counts of misdemeanor criminal mischief for shooting at and damaging nine businesses in Chester.

¶4 Following his convictions, Kenfield filed a petition for postconviction relief alleging ineffective assistance of counsel (IAC) by his trial counsel. In the petition, Kenfield asserted numerous instances of his trial counsel's shortcomings, including alleged failures regarding the analysis of the crime scene. The IAC claim in Kenfield's original petition centered around his trial counsel's decision to challenge the State's expert and his analysis of the bullet-ridden crime scene on cross examination rather than

2

use his own investigator or perform tests for direct examination. Kenfield also challenged his counsel's decision not to use the defense's expert analysis of surveillance video of the crime scene and only cross-examine the State's expert on the video. The District Court held a hearing on Kenfield's petition and issued a detailed order denying Kenfield relief. In the order, the District Court concluded that Kenfield's defense counsel did not render IAC. The court determined that counsel provided an adequate defense and chose to limit the defense's expert analysis in part because his expert would not look as qualified as the State's. The court ultimately concluded that defense counsel's decisions were strategic, after hearing the State's expert and considering the evidence in the record. Kenfield appealed the decision and we affirmed the District Court on appeal. *State v. Kenfield*, 2011 MT 150N, 2011 Mont. LEXIS 187 (*Kenfield I*). Kenfield later filed a second petition for postconviction relief, alleging IAC based upon his trial counsel's suspension from the practice of law, which was unrelated to Kenfield's case. This Court again affirmed the District Court's dismissal of his second petition. *Kenfield v. State*, 2014 MT 172N, 2014 Mont. LEXIS 401 (*Kenfield II*).

¶5 Kenfield filed a third petition for postconviction relief on November 4, 2015. Prior to filing the third petition, Kenfield commissioned and paid for a "new" analysis of the crime scene, which he now claims qualifies as newly discovered evidence. Skylark Technologies, the same business that analyzed Kenfield's trial evidence, conducted a reconstruction of the crime scene utilizing the truck Kenfield drove the morning of the shooting. Skylark analyzed three of the ten shots fired at the sheriff's office based on the trajectory calculations originally provided by the Department of Justice's report on the

3

incident. The Department of Justice's report was available at trial, and was created at Kenfield's trial counsel's request. Kenfield argues that the new truck analysis demonstrates his actual innocence—that it was not possible that Kenfield fired the bullets from his vehicle based upon the angle of the shots. The "new" evidence also included an analysis by Skylark of the sheriff's department's surveillance footage and time records, which Kenfield argues further supports his theory of actual innocence.

¶6 The District Court reviewed the petition and found that Kenfield's new independent crime scene analysis did not constitute newly discovered evidence that would allow a subsequent petition. The court reasoned that Kenfield knew about alleged problems with the State's crime scene analysis prior to trial, or at least by the time he filed his first postconviction relief petition where he raised IAC based upon the same reasoning. Ultimately, the court determined that under § 46-21-102(2), MCA, Kenfield's new analysis did not constitute "newly discovered evidence." Further, the court determined that Kenfield was barred from asserting IAC claims in his third petition pursuant to § 46-21-105(2), MCA. Finally, the District Court found that Kenfield's constitutional claim lacked merit because it was based on the 1889 Montana Constitution and that the process for filing the Information was legally sound. Under this reasoning, the District Court dismissed the petition on November 18, 2015.

## STANDARD OF REVIEW

¶7 We review a district court's denial of postconviction relief to determine if the court's findings of fact are clearly erroneous, and if its conclusions of law are correct. *Stock v. State*, 2014 MT 46, ¶ 9, 374 Mont. 80, 318 P.3d 1053.

4

# DISCUSSION

¶8     *1. Whether the District Court erred by dismissing Kenfield's newly discovered evidence claim.*

¶9     Kenfield argues in his third petition for postconviction relief that the new crime scene analysis he commissioned, seven years after the shooting, demonstrates that he received IAC when his attorney failed to conduct a reasonable investigation of the case. This petition is untimely, thus Kenfield seeks to avoid the procedural time bar set forth under the postconviction relief statutes by arguing that he has "newly discovered evidence" of actual innocence that permits review of the IAC claim. The State responds that Kenfield has filed no new relevant grounds for relief in his petition and that all of his claims have previously been raised or could reasonably have been raised on direct appeal.

¶10    Postconviction remedies are governed by specific statutes. Section 46-21-102(2), MCA, provides:

> A claim that alleges the existence of newly discovered evidence that, *if proved and viewed in light of the evidence as a whole would establish that the petitioner did not engage in the criminal conduct for which the petitioner was convicted*, may be raised in a petition filed within 1 year of the date on which the conviction becomes final *or the date on which the petitioner discovers, or reasonably should have discovered, the existence of the evidence, whichever is later.*

(Emphasis added). Additionally, because Kenfield has filed two previous petitions for postconviction relief, § 46-21-105, MCA, applies. It provides:

> Amendment of petition – waiver of grounds for relief.
>
> (1) (a) All grounds for relief claimed by a petitioner under 46-21-101 must be raised in the original or amended original petition. The original petition may be amended only once. At the request of the state or on its own motion, the court shall set a deadline for the filing of an amended original

5

petition. If a hearing will be held, the deadline must be reasonably in advance of the hearing but may not be less than 30 days prior to the date of the hearing.

(b) *The court shall dismiss a second or subsequent petition by a person who has filed an original petition unless the second or subsequent petition raises grounds for relief that could not reasonably have been raised in the original or an amended original petition.*

(2) When a petitioner has been afforded the opportunity for a direct appeal of the petitioner's conviction, grounds for relief that were or could reasonably have been raised on direct appeal may not be raised, considered, or decided in a proceeding brought under this chapter. *Ineffectiveness or incompetence of counsel in proceedings on an original or an amended original petition under this part may not be raised in a second or subsequent petition under this part.*

(3) For purposes of this section, "grounds for relief" includes all legal and factual issues that were or could have been raised in support of the petitioner's claim for relief.

Section 46-21-105, MCA, (emphasis added).

¶11 Kenfield's current petition is subject to dismissal under § 46-21-105(1)(b), MCA, as a second or subsequent petition, unless he raises new grounds for relief that could not have reasonably been raised in his prior two petitions. Kenfield's first and second petitions demonstrate that he has already raised the claims he now raises in this third petition. Because Kenfield's claims of IAC and flawed crime scene analysis were raised in the previous petitions, and his remaining claim could have been raised in the original petition, the petition must be dismissed under statute. Sections 46-21-105(1)(b), (2), MCA.

¶12 Kenfield further claims that his current petition is timely because he possesses "newly discovered evidence" of actual innocence under § 46-21-102(2), MCA. However, as the District Court correctly concluded, Kenfield clearly knew about the alleged problems with the crime scene analysis because he addressed the same issues in

6

his original petition, which was affirmed by this Court. *Kenfield I*, ¶¶ 5-6. Because he has previously presented the evidence, Kenfield's "new" independent analysis of the shooting evidence is not "newly discovered evidence."

¶13　The only "new" evidence presented by Kenfield is an eleven-page report created by Skylark that analyzes the bullet trajectories. The analysis evaluates the trajectories of three of the ten bullets fired at the sheriff's office during the incident using Kenfield's truck to measure the trajectories. The report does not draw out the premise of the analysis, but Kenfield advances the same argument that he made in his original petition for postconviction relief—that the Department of Justice used a truck not representative of his truck. The truck used in the original reconstruction sat lower than Kenfield's truck; thus, Kenfield posits, because his truck sits higher there is no way the shots could have been fired from his truck. Skylark concluded that the shot positions, when traced back to Kenfield's truck, are consistently lower than the rear window, and close to the height of the side window of the truck. Kenfield argues this is evidence of actual innocence.

¶14　Kenfield's "newly discovered" evidence analyzes only three of the bullets fired on the evening of the incident, but fails to provide an analysis of significant evidence against Kenfield, including the seven additional shots fired at the sheriff's office. There is no evidence of actual innocence regarding Kenfield's convictions of the misdemeanor and felony criminal mischief charges pertaining to the other shots fired that night. Those shots include the bullets that hit and damaged several businesses in Chester, including The Roadhouse, Sugar Shack, Moodie Implement, Cenex Harvest States, Fraser Oil, Tiber Tractor, and The Grand Bar. Section 46-21-102(2), MCA, regarding newly

7

discovered evidence includes a qualifier that new evidence may be raised if "proved and viewed in light of the evidence as a whole would establish that the petitioner did not engage in the criminal conduct for which the petitioner was convicted . . . ." Given the extent of his criminal conduct and convictions in the case, we conclude that a re-analysis of three of the ten bullets fired does not overcome evidence of Kenfield's guilt.

¶15 In addition, the new report is simply an additional analysis of the same evidence used at trial and in Kenfield's two previously denied petitions for postconviction relief. Given the extent of the discussion of the crime scene analysis in the court record, there is no question that the bullet trajectory issue is not newly discovered. Because the evidence is not newly discovered, Kenfield's petition does not meet the requirements set forth in § 46-21-102(2), MCA.

### *Schlup* "Gateway" Claim

¶16 Kenfield's remaining argument is a *Schlup* procedural claim, where under federal law Kenfield argues that his new crime scene analysis evidence is sufficient to grant him passage around state and federal statutory time bars, otherwise known as the "*Schlup* gateway." *Schlup v. Delo*, 513 U.S. 298, 316, 115 S. Ct. 851, 861 (1995). Kenfield seeks to use *Schlup* to gain review of his IAC claim through the lens of his "new" independent crime scene analysis.

¶17 "A *Schlup* procedural, or 'gateway,' innocence claim alleges that newly discovered evidence demonstrates that 'a constitutional violation has probably resulted' in a wrongful conviction." *State v. Beach*, 2013 MT 130, ¶ 14, 370 Mont. 163, 302 P.3d 47 (quoting *Schlup*, 513 U.S. at 327, 115 S. Ct. at 867). A *Schlup* claim accompanies an

8

assertion of trial error, which in this case involves Kenfield's IAC allegation that his counsel failed to use a proper crime scene analysis at trial. *Beach*, ¶ 14 (citing *Schlup*, 513 U.S. 315-16, 115 S. Ct. at 861). To meet the *Schlup* standard of proof a petitioner need only produce evidence that creates "sufficient doubt about his guilt to justify the conclusion that his [criminal sanction] would be a miscarriage of justice *unless* his conviction was the product of a fair trial." *Beach*, ¶ 14 (citing *Schlup*, 513 U.S. at 316, 115 S. Ct. at 861-62) (emphasis in original). A *Schlup* gateway petitioner must "show that it is 'likely' or 'probable' that 'no reasonable jury' would find him guilty." *Beach*, ¶ 16. If the *Schlup* petitioner makes the required showing, the petitioner passes through the "gateway" that entitles him to present his constitutional claims of trial error, despite the procedural bars that would normally prohibit such claims. *Beach*, ¶¶ 14, 16. In *Beach*, we noted that because this Court respects the finality of a verdict, the reviewing court must determine whether the petitioner has supported his innocence claim "with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Beach*, ¶ 8 (citing *Schlup*, 513 U.S. at 324, 115 S. Ct. at 865).

¶18    The pitfall for Kenfield's *Schlup* claim is that the evidence is not "new reliable evidence . . . that was not presented at trial." *Beach*, ¶ 8. As we noted above, the record in this case is replete with similar evidence regarding the crime scene analysis at trial, on Kenfield's original postconviction relief petition with accompanying IAC claim, and once again on his second petition for postconviction relief. Specifically, the evidence that Kenfield brings forward on this third petition can be boiled down to the use of one

9

different factor: Kenfield's truck. The height of Kenfield's truck versus the truck in the "flawed" crime scene analysis allegedly demonstrates Kenfield could not possibly have fired the shots from the truck. This is not newly discovered evidence. This same evidence was reviewed and available for Kenfield at trial and his counsel strategically chose not to use the information.

¶19 We concluded in *Kenfield I* that it was not IAC when Kenfield's counsel chose to rely on the cross examination of the State's crime scene analysis at trial rather than present an independent analysis of the data. *Kenfield I*, ¶ 6. We affirmed the District Court's conclusion that Kenfield's defense counsel made a strategic decision, among many, to hold back his expert in part to avoid the risk that the expert would not look as qualified as the State's expert. Regardless, the evidence contained in Kenfield's current analysis was available at trial and the "new" analysis presents nothing new. In the order dismissing Kenfield's third petition, the District Court concluded that this issue was addressed in the original petition. We agree. We conclude that Kenfield has not presented any evidence that can be considered new or different from what was available at trial or what he has already presented in this case. Because he has failed to provide new evidence, the *Schlup* gateway Kenfield seeks is not open for him to pass through. Because it was previously addressed, and because the evidence that Kenfield presents is not new, we affirm the District Court's dismissal of the petition pursuant to § 46-21-105, MCA. We also conclude that Kenfield's IAC-related claim similarly fails because Kenfield previously raised it and the District Court properly dismissed the claim as barred under § 46-21-105(2), MCA.

¶20 *2. Whether the criminal charging process used for Kenfield was consistent with the 1972 Montana Constitution and Montana statutes.*

¶21 Kenfield argues that the charging process used in his criminal case was unconstitutional because it violates the 1889 Montana Constitution. Petitioner fails to recognize that the State of Montana adopted and ratified a new Constitution in 1972. "Montana's specific constitutional and statutory provisions define a district court's jurisdiction and provide for commencing a state prosecution." *State v. Montgomery*, 2015 MT 151, ¶ 9, 379 Mont. 353, 350 P.3d 77 (citing Mont. Const. art. II, § 20(1) and art. VII, § 4(1); §§ 3-5-301(1), -302(1)(a), and 46-11-101, MCA). We have also concluded that "'[t]he district court has original jurisdiction in all criminal cases amounting to felony . . . .'" *Montgomery*, ¶ 9 (quoting Mont. Const. art. VII, § 4(1)). Accordingly, the District Court properly determined that Kenfield's claims are not valid or sustainable under the Constitution or laws of the State of Montana.

¶22 Additionally, the postconviction relief statutes require that the district court dismiss a second or subsequent petition unless the petitioner raises grounds for relief that "could not reasonably have been raised in the original or an amended original petition." Section 46-21-105(1)(b), MCA; *State v Osborne*, 2005 MT 264, ¶ 14, 329 Mont. 95, 124 P.3d 1085. Kenfield's claim could reasonably have been raised in his original petition. We affirm the District Court's dismissal of the claim as it was not an abuse of the court's discretion.

## CONCLUSION

¶23    The District Court made proper factual findings regarding Kenfield's third petition for postconviction relief, and its conclusions of law are correct.  Accordingly, we affirm the District Court's dismissal of Kenfield's petition because he failed to present any newly discovered evidence.  We also affirm the District Court's conclusion that the criminal charging process used to charge and prosecute Kenfield was consistent with the 1972 Montana Constitution and Montana statutes.


/S/ MICHAEL E WHEAT

We Concur:

/S/ BETH BAKER
/S/ JAMES JEREMIAH SHEA
/S/ PATRICIA COTTER
/S/ JIM RICE