FILED

04/11/2023

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 22-0575

DA 22-0575

IN THE SUPREME COURT OF THE STATE OF MONTANA

2023 MT 65N

KELLY FRANK,

        Petitioner and Appellant,

    v.

STATE OF MONTANA,

        Respondent and Appellee.

APPEAL FROM:   District Court of the Ninth Judicial District,
                    In and For the County of Teton, Cause No. DC 05-007
                    Honorable Robert G. Olson, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Kelly Frank, Self-Represented, Helena, Montana

      For Appellee:

          Austin Knudsen, Montana Attorney General, Bjorn Boyer, Assistant
          Attorney General, Helena, Montana

          Joe W. Coble, Teton County Attorney, Choteau, Montana

                             Submitted on Briefs:  March 8, 2023

                                   Decided:  April 11, 2023

Filed:

                          _____
                                     Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1      Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent.  Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2      Kelly Frank (Frank) appeals from an Order Denying Motion in the Nature of Writ of Error Coram Nobis issued by the Ninth Judicial District Court on September 14, 2022. We affirm.

¶3      On March 21, 2005, an Information was filed in the District Court charging Frank with single counts of the following offenses: Solicitation, in violation of § 45-4-101, MCA (2003); Theft, in violation of § 45-6-301(2), MCA (2003); and, Obstructing a Peace Officer, in violation of § 45-7-302, MCA (2003).  On April 15, 2005, an Amended Information was filed charging Frank with the following offenses: two counts of Solicitation, in violation of § 45-4-101, MCA (2003); one count of Theft of Property by Embezzlement, in violation of § 45-6-301(7), MCA (2003); and, one count of Obstructing a Peace Officer, in violation of § 45-7-302, MCA (2003).  On July 11, 2005, an Information was filed charging Frank with a single count of Felony Possession of Wildlife, in violation of §§ 87-3-118 and 87-1-115, MCA (2003).

¶4      On July 11, 2005, a plea agreement was filed with the District Court in which Frank agreed to plead guilty to Theft of Property by Embezzlement, Obstruction of a Peace

Officer, and Felony Possession of Wildlife. On the same day, Frank appeared with his counsel of record and changed his plea in accordance with the plea agreement. The State dismissed the two counts of Solicitation as part of that agreement.

¶5 On September 14, 2005, the District Court sentenced Frank to a ten-year commitment in the Montana State Prison for Theft of Property by Embezzlement, to a six-month commitment in the Teton County Jail for Obstructing a Peace Officer—to run concurrently with the sentence for Theft of Property Embezzlement, and to a five-year commitment in the Montana State Prison for Felony Possession of Wildlife—to run concurrently with Frank's two other commitments. Frank did not appeal this sentence.

¶6 On August 17, 2022, Frank filed a Motion in the Nature of Writ Error Coram Nobis Including Brief (Motion) in the District Court. The court declined to hold a hearing.

¶7 On September 14, 2022, the District Court issued an Order Denying Motion in the Nature of Writ of Error of Coram Nobis. The court considered the Motion as a petition for postconviction relief, pursuant to § 46-21-102, MCA, because Montana courts have not considered petitions for coram nobis since October 1, 2011. Petitions for postconviction relief must be filed within a year of the date a conviction becomes final. Section 46-21-102, MCA. Frank's petition was filed nearly seventeen years after his conviction was made final. The court consequently denied his petition as untimely.

¶8 The District Court did not find cause pursuant to the exceptions under § 46-21-102(2), MCA, to exempt Frank's petition from the statutory deadline. The court reasoned that Frank did not assert any allegations nor cite any facts to justify such an exception. The court also pointed out that while under oath Frank admitted his guilt to

3

Theft of Property Embezzlement in open court and that Frank agreed to a beneficial plea agreement that confirmed his guilty plea.

¶9 We review a district court's denial of postconviction relief to determine if the court's findings of fact are clearly erroneous, and if its conclusions of law are correct. *Kenfield v. State,* 2016 MT 197, ¶ 7, 384 Mont. 322, 377 P.3d 1207.

¶10 A writ of coram nobis is not available as a remedy for postconviction relief. *State v. Barrack*, 267 Mont. 154, 159, 882 P.2d 1028, 1031 (1994). The writ of coram nobis was incorporated into § 46-21-101(1), MCA, which details petitions for postconviction relief, in 1997. 1997 Mont. Laws ch. 378, § 3. This Court abolished the writ of coram nobis, effective October 1, 2011, upon revising the Montana Rules of Civil Procedure.

¶11 The District Court conducted a thorough analysis of the applicable laws and correctly concluded that Frank's petition was time-barred pursuant to § 46-21-102, MCA.

¶12 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review.

¶13 Affirmed.

/S/ MIKE McGRATH

We Concur:

/S/ JAMES JEREMIAH SHEA
/S/ BETH BAKER
/S/ INGRID GUSTAFSON
/S/ JIM RICE

4