FILED

04/11/2023

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 22-0626

DA 22-0626

IN THE SUPREME COURT OF THE STATE OF MONTANA

2023 MT 66N

JAMES WILLIAM WALKER,

    Petitioner and Appellant,

    v.

STATE OF MONTANA,

    Respondent and Appellee.

APPEAL FROM:    District Court of the Eighteenth Judicial District,
                In and For the County of Gallatin, Cause No. DC-15-333C
                Honorable John C. Brown, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

            James William Walker, Self-Represented, Deer Lodge, Montana

        For Appellee:

            Austin Knudsen, Montana Attorney General Katie F. Schulz,
            Assistant Attorney General, Helena, Montana

            Audrey Cromwell, Gallatin County Attorney, Afton M. Jessop,
            Deputy County Attorney, Bozeman, Montana

                            Submitted on Briefs:  March 8, 2023
                                       Decided:  April 11, 2023

Filed:

                    _____
                                    Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 James William Walker (Walker) appeals from an Order Dismissing Request for Postconviction Relief issued by the Eighteenth Judicial District Court on October 25, 2022. We affirm.

¶3 On March 8, 2016, a jury found Walker guilty of Aggravated Assault, in violation of § 45-5-202, MCA, following a two-day trial. On July 20, 2017, the District Court sentenced Walker to a commitment of twenty years in Montana State Prison. Walker did not directly appeal his conviction.

¶4 On January 29, 2020, Walker applied for Review of Sentence.[1] On May 20, 2020, the Sentence Review Division dismissed his application as untimely.

¶5 On June 23, 2022, Walker filed a Motion in the Nature of Writ Error Coram Nobis Including Brief (Motion) in the District Court. He alleged "structural" errors including prosecutorial misconduct and ineffective assistance of counsel claims. Walker asserted that these allegations constituted "new evidence of error."

---

[1] Walker applied for Review of Sentence on August 2, 2017, but withdrew that request.

¶6 On October 25, 2022, the District Court issued an Order Dismissing Request for Postconviction Relief. The court considered the Motion as a petition for postconviction relief, pursuant to § 46-21-102, MCA. Petitions for postconviction relief must be filed within a year of the date a conviction becomes final. Walker's petition was filed nearly four years after his conviction was made final. The court consequently denied his petition as untimely.

¶7 The District Court did not find cause pursuant to the exceptions under § 46-21-102(2), MCA, to exempt Walker's petition from the statutory deadline.

¶8 We review a district court's denial of postconviction relief to determine if the court's findings of fact are clearly erroneous, and if its conclusions of law are correct. *Kenfield v. State,* 2016 MT 197, ¶ 7, 384 Mont. 322, 377 P.3d 1207.

¶9 A writ of coram nobis is not available as a remedy for postconviction relief. *State v. Barrack*, 267 Mont. 154, 159, 882 P.2d 1028, 1031 (1994). The writ of coram nobis was incorporated into § 46-21-101(1), MCA, which details petitions for postconviction relief, in 1997. 1997 Mont. Laws ch. 378, § 3. This Court abolished the writ of coram nobis, effective October 1, 2011, upon revising the Montana Rules of Civil Procedure.

¶10 The District Court conducted a thorough analysis of the applicable laws and correctly concluded that Walker's petition was time-barred.

¶11 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review.

¶12  Affirmed.

/S/ MIKE McGRATH

We Concur:

/S/ JAMES JEREMIAH SHEA
/S/ BETH BAKER
/S/ INGRID GUSTAFSON
/S/ DIRK M. SANDEFUR